PHILLIPS PHŒNIX et al., Trustees, etc., Respondents, v. MARIA W. LIVINGSTON et al., Appellants.

The will of W., after directing the payment of debts and expenses, named six persons as "executors of and trustees under" it. A series of separate trust estates were constituted, running for the lives of the specified beneficiaries. Some of these required specific sums to be set apart, others provided for the severance of the trust estates from the general assets, and their management by five of the six persons so named, holding as trustees. A large portion of the trust estate consisted of real estate, and provision was made for partition. Authority was conferred upon the trustees to lease and to sell certain portions, and general authority for the management of the land. The trustees were also empowered, in their discretion, to commit, by revocable power of attorney, the management of certain of the trust estates to the beneficiary. The accounts of the executors as such were settled, leaving in their hands only the trust estates, which were severed from the general assets, and thereafter separate accounts were kept with each beneficiary. *Held*, that by the will the testator contemplated and provided for two separate duties to be performed by his representatives, first as executors, and thereafter as trustees, and that they were entitled to commissions in both capacities, but that they were not entitled to commissions on the value of the real estate unsold at the termination of the trusts.

*Wagstaff* v. *Lowerre* (23 Barb. 209), questioned.

*In re De Peyster* (4 Sandf. Ch. 511, 512), *McWhorter* v. *Benson* (1 Hopk. 28), distinguished.

(Argued January 21, 1886 ; decided March 2, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 22, 1882, which affirmed, so far as appealed from, a judgment entered upon the report of a referee. (Mem. of decision below, 28 Hun, 629.)

This action was brought by plaintiffs as surviving trustees under the will of Stephen Whitney, deceased, for settlement of their accounts.

The appeal was from that portion of the judgment fixing the compensation of plaintiff.

The material facts are stated in the opinion.

*J. Frederic Kernochan* for appellants. Plaintiffs were not entitled to receive a second commission upon the capital of the estate. (*Drake* v. *Brice*, 5 N. Y. 430; *Valentine* v. *Valentine*, 2 Barb. Ch. 430; *Lansing* v. *Lansing*, 45 Barb. 182; *Holly* v. *L. G.*, 4 Edw. Ch. 284; *Mann* v. *Lawrence*, 3 Bradf. 424; *Matter of Carman*, 3 Redf. 46; *Ward* v. *Ford*, 4 id. 34; *Laytin* v. *Davidson*, 29 Hun, 622; *Matter of Jackson*, 32 id. 200; *Meeker* v. *Crawford*, 5 Redf. 450; *Hall* v. *Hall*, 78 N. Y. 535; *Hurlburt* v. *Durant*, 88 id. 121; *Johnson* v. *Lawrence*, 95 id. 154.) There can, in no case, be a paying over from one as executor to himself as trustee. (*Judson* v. *Gibbons*, 5 Wend. 224; *Hartnett* v. *Wandell*, 60 N. Y. 346.) The duties so assumed are continuous and not successive as is shown by the fact that he may be removed as trustee before his executor's duties are completed. (*Quackenboss* v. *Southwick*, 41 N. Y. 117.) A mere separation of funds in the same hands does not entitle one to commission, otherwise a commission might be claimed on each reinvestment of capital. (*Matter of Kellogg*, 7 Paige, 267; *Johnson* v. *Lawrence*, 95 N. Y. 154.) There can be no compensation awarded to a trustee (where the instrument creating the trust is silent as to compensation) except the compensation under the statute; *i. e.*, a percentage upon the sums of money (or their equivalent) received and paid out. (*Matter of Carman*, 3 Redf. 46; *Hall* v. *Hall*, 78 N. Y. 535; *Hurlburt* v. *Durant*, 88 id. 121.) Where one holds real estate, as trustee for the life of another, inasmuch as he never holds the fee

but merely the life estate, the basis for determining his compensation must be the value not of the fee but of such life estate. (*Embury* v. *Sheldon*, 68 N. Y. 234–5; *Betts* v. *Betts*, 4 Abb. N. C. 147; *Newell* v. *Nichols*, 75 id. 78.) In the case at bar there was no constructive paying out, as there certainly was no actual paying out of the value of the fee to the grandchildren. (*Manice* v. *Manice*, 43 N. Y. 303.) Where there was no power of sale the analogy of a specific devise is applicable, as the fee itself was never administered upon by the trustees. (*Schenck* v. *Dart*, 22 N. Y. 420; *Burtis* v. *Dodge*, 1 Barb. Ch. 77.)

*William B. Ross* for respondents. Compensation by way of commissions has been properly awarded to the trustees under the trusts created by the eighth, ninth, and thirteenth clauses of the will, upon the personal property and the value of the real property as proven adjudged to constitute such trust shares respectively. (*Valentine* v. *Valentine*, 2 Barb. Ch. 430; *Drake* v. *Price*, 5 N. Y. 430; *Hall* v. *Hall*, 78 id. 535; *Hurlburt* v. *Durant*, 88 id. 122; *Johnson* v. *Lawrence*, 95 id. 154; *Laytin* v. *Davidson*, id. 263; *In re Mason*, 98 id. 527, 536; *Mc Whorter* v. *Benson*, Hopk. 28, 42; *Wagstaff* v. *Lowerre*, 23 Barb. 209; *Matter of DePeyster*, 4 Sandf. Ch. 512; *Matter of Edw. Schell*, 53 N. Y. 565; *Cox* v. *Leggett*, 18 Hun, 19; *Matter of Moffatt*, 24 id. 327; *Innes* v. *Parcel*, 2 T. & C. 538; *Savage* v. *Sherman*, 24 Hun, 311; 87 N. Y. 287; *Matter of Allen*, 96 id. 327; *Biddle's Appeal*, 83 Penn. St. 340; Story's Eq. Jur., § 1268, note; 2 Perry on Trusts, § 918; 1 R. S. 729, §§ 60, 61; id. 730, § 67.) A trustee is entitled to commissions upon the capital of the trusts although he transfers to the beneficiaries, or new trustees the entire stocks and securities which came into his hands at the outset of the trust. (*Matter of Moffatt*, 24 Hun, 327; *Ogden* v. *Murray*, 39 N. Y. 202; *Matter of Mason*, 98 id. 536.) The amount of property held in trust is the proper basis of allowance to the trustee; and, there is no well-founded distinction between lands and stocks as to the trustee's compensation.

(*McWhorter* v. *Benson*, Hopk. 28, 42; *Cox* v. *Leggett*, 18 Hun, 17; *Ward* v. *Ford*, 4 Redf. 47; *Matter of Moffatt*, 24 Hun, 310; *Matter of Roosevelt*, 5 Redf. 623; 87 N. Y. 287; *Biddle's Appeal*, 83 Penn. St. 340; Story's Eq. Jur., § 1268, note.)

FINCH, J. There are but two questions in this case, and both may be considered without reviewing the complicated details of the trust accounts.    These questions are whether the executors who were also trustees became entitled to commissions in both capacities; and if so whether the trustees' commissions are to be computed upon the value of the real estate.    The first of these questions must be answered by subjecting the facts established to the test of the rules adjudged in *Johnson* v. *Lawrence*, (95 N. Y. 154), and *Laytin* v. *Davidson* (id. 263).    In the first of these cases double commissions were refused, for the reason that the will contemplated no separation of duties on the part of the executors, and no transfer to or holding by them of any portion of the estate in the character of trustees; while in the second, double commissions were allowed upon the ground that the will did contemplate a severance of duties and a point of time at which those of the executors would be ended and those of the trustees begin.    In that case the severance of the trust funds from the general assets contemplated by the will had taken place; so much of the estate as was needed for debts, legacies and expenses had been to those purposes appropriated; and the balance having been ascertained by a settlement of the executors' accounts became and was adjudged to constitute a trust fund to be further held and managed as such.    Within the doctrine of these cases commissions in both capacities were properly allowed in this.    The will contemplated a severance of duties and a point of time when that severance should take place.    At the beginining of the instrument after directing the payment of debts and expenses the testator names six persons " executors of and trustees under this my last will and testament."    They were first to act as executors of the will and then as trustees under it.    A series of separate trust estates are then

constituted, running for the lives of specified beneficiaries. Some of them required specific sums to be set apart, and others and more important ones provided in very careful detail for a severance of purely trust estates from the general assets and their further management and administration not by the executors but by five out of the six of them holding as trustees. Since a serious portion of the trust estates consisted of real property, provision was made for a suitable partition for the purposes of the trusts, and a broad and abundant authority given for the management of the lands. The trustees were empowered to lease the improved property for a period not exceeding five years, and that which was unimproved for not more than twenty-one years. Authority was conferred to sell the lands in other States, the unimproved property in this State, and the dwelling-house with the consent of the widow; and the trustees were authorized to rebuild structures destroyed or impaired and erect new buildings upon unimproved property so as to render it productive. A further provision of the will is quite significant. The trustees are empowered in their discretion, through the agency of a revocable power of attorney, to commit the management of certain of the trust estates to the beneficiary, but preserving in themselves the title and resuming control whenever they should deem it advisable. It is impossible to reflect upon these provisions of the will without a resultant conviction that the testator contemplated and provided for two separate duties to be performed by his representatives; one as executors and the other as trustees; the latter to commence at the termination of the former, and to begin with a severance of the trust estates from the general assets and to be held and managed thereafter by his executors or some among them in the capacity of trustees. Such a severance was in fact made. The accounts of the executors as such were settled, and there was left nothing but the trust estates to be managed for the beneficiaries. Separate accounts were opened with each, and they were held and managed for many years, with a great amount of labor, with a large demand upon the care and patience of the trustees, and with a very heavy burden of re-

sponsibility.   We think it was a proper case for the allowance of commissions to the same persons, first in the character of executors and then in that of trustees.

The appellants, however, further insist that the commissions of the trustees should not be computed upon the value of the real estate, and the argument is that commissions are only given upon sums of money or their equivalent received and paid out; that the trustees never received the fee of the lands since that fee vested at once in the grandchildren, the trustees taking only an estate commensurate with their trust which simply terminated and was never transferred or paid over.   We think this objection is well founded, and that, as it respects real estate held in trust, the commissions of the trustees are not to be computed upon the value of the land which remains unsold.   The office of a trustee was at first deemed honorary, and without compensation, but our statute changed the rule and allowed compensation to executors, administrators and guardians, at a fixed percentage to be computed upon all sums received and paid out.   Trustees were not named specifically in the enactment, but they were held to be within the equity of the statute, and entitled to compensation as if included within it.   To that we must, therefore, refer, and by that be governed in determining what allowance, if any, is to be made.   Sums received and paid out are made the basis of computation.   It has, nevertheless, been held that securities received by an executor, and by him turned over to the parties entitled, might be treated as money received and paid out for the purpose of computing commissions.   This was itself an extension of the authority of the statute, justified by the consideration that what was accepted as money by the parties interested might well be treated as such for purposes of compensation.   But we are asked now to take a step further, and give a new extension to the act, which does violence to its language, and makes land, in no just sense received or transferred, constructively money.   The only authority for this doctrine is the case of *Wagstaff* v. *Lowerre* (23 Barb. 209), and a few cases in the Supreme Court and the surrogate's court in the city of New York, which have followed

it as authority. *Wagstaff* v. *Lowerre* was a Special Term decision. It cited, as authority, but two cases, neither of which justified the conclusion reached. In one of them (*Matter of De Peyster*, 4 Sandf. Ch. 511, 512), the court said, " there is force in the argument that there is no well-grounded distinction between lands and stocks as to the trustees' compensation," but the remark was uncalled for, and unnecessary for the purposes of the decision. The lands there in question had been bid in upon foreclosure of mortgages belonging to the estate and in equity remained personalty, and were therefore treated as such in the hands of the trustees. The other case cited (*Mc Whorter* v. *Benson*, Hopk. 28, 42), gives no indication that real estate was at all in question, and the elaborate opinion of the chancellor aims only to show that the statute had fixed a definite rate of compensation for an executor's services; a rate computed upon the sums of money received and paid out, and that an allowance of a gross sum was not permissible. *Wagstaff* v. *Lowerre*, therefore, stood upon no existing authority, and it can have only the force derived from its reasoning. In this court, the question is an open one, and so far as we have been able to ascertain, has never been discussed and decided. We ought not to wander from the statute and strain its construction to an extent approaching perilously near to legislation. In the present case, the fee of the lands it is conceded, vested in the grandchildren by force of the will at the date of the death of the testator. The estate of the trustees took priority, but only for the purposes of the trust. (*Stevenson* v. *Lesley*, 70 N. Y. 512.) They were authorized to sell and to rent the real estate. Upon all sums of money thus realized and passing through their hands they were entitled to commissions; but the unsold lands, at the close of the trust, passed to the possession of the remaindermen, not through any title derived from the trustees, but by force of the original devise. The trustees transferred no land, but simply refrained from exercising their power of converting it into money. And so they not only never paid it out even constructively by any grant or conveyance, but never even received the absolute fee which all the time was a vested interest in

remainder. Their estate was simply commensurate with their trust, bounded as to the duration by the terms of the trust, and as to the unsold lands never equalling in value that of the fee. We must, therefore, adhere to the statutory basis of computation and decline to advance further in a construction which steadily departs from a plain and unambiguous enactment having a definite purpose and meaning. If hardship or injustice shall result, of which we are by no means certain, the remedy may be readily applied by further legislation.

So much of the judgment as allows commissions upon the value of the unsold lands should be reversed, without costs to either party.

All concur.

Judgment accordingly.