(31 App. Div. 1.)

ROOSEVELT et al. v. VAN ALEN et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

TRUSTEES UNDER WILL—COMPENSATION.

A testator devised to his executors a share of his real estate, to be selected and valued by them at a specified sum, to hold during the minority of a certain infant, in trust to receive the rents, issues, and incomes, and apply them, so far as necessary, to her education and maintenance until her majority, and to accumulate the surplus, and pay the same over to her, with the "principal fund," when she should come of age. The executors made a selection accordingly, and for convenience conveyed the same to themselves as trustees, and at the majority of the beneficiary executed to her a formal conveyance. *Held,* in an action involving a construction of the will, that the effect of the devise was to vest the property in the beneficiary, subject to the trust for her benefit, and that the trustees were not entitled to any commissions upon the real estate.

Appeal from judgment on report of referee.

Action by James Roosevelt and others, individually and as trustees under the will of William Astor, deceased, for the benefit of Mary Van Alen and remainder-men, against Mary Van Alen and others. From so much of the judgment as denies the appellants' testator commissions on certain real estate held by the trustees under the will of William Astor, deceased, Mary P. Kissam and others, executrices and executor of the will of Phillip Kissam, appeal. Affirmed.

Argued before BARRETT, PATTERSON, McLAUGHLIN, and INGRAHAM, JJ.

Franklin B. Lord, for appellants.

George L. Rives, for respondents.

INGRAHAM, J. The only question presented on this appeal is as to the right of the trustees under the will of William Astor, deceased, to commissions upon the real estate, which, under the will, was directed to be held in trust for the benefit of Mary Van Alen until she arrived at the age of 21 years, when such real estate was to vest in her. The appeal is heard upon the report of the referee. The referee reports that by the fourth article of the will it is provided as follows:

"I give to my executors or trustees a share of my property from improved real estate, to be selected and valued by them at three hundred thousand dollars, the same to be set apart from my individual estate not specifically disposed of in this will, to have and to hold the same during the minority of Mary Van Alen, daughter of my deceased daughter Emily Van Alen, in trust to keep the same invested, to receive the rents, issues and income thereof, and, after defraying all taxes and other lawful charges upon the same, to apply the net income, or so much thereof as they shall think is necessary, to the education and maintenance of the said Mary until she shall arrive at the age of twenty-one years, and to accumulate the surplus of said rents, issues, and income, and to pay over the same, together with the principal fund, to the said Mary when she shall arrive at the age of twenty-one,"

—With certain limitations over to take effect in case the said defendant Mary Van Alen should die under the age of 21 years. By article 2 of the fifth codicil to the said will this property to be set apart for the benefit of Mary Van Alen was increased from $300,000 to $466,667. In pursuance of this authority contained in the will, the executors set apart certain specific real estate out of the testator's real property for the benefit of the defendant Mary Van Alen. The referee reported that:

"Afterwards, and in order more effectually to vest the title to the said lots of land and premises so selected and set apart in the said trustees under said will for the benefit of the said defendant Mary Van Alen and remainder-men as aforesaid, the said executors, in pursuance of the directions of the said will, and by virtue of the power and authority to them thereby given, granted and conveyed by the deed dated May 24, 1893, unto the said executors, as trustees of the trust created in and by said will for the benefit of the said Mary Van Alen and remainder-men, the said pieces of land, described, which deed was duly executed and recorded."

The referee further reported that the said Mary Van Alen had arrived at the age of 21 years, and that the said lot of land so conveyed to the executors in trust for her should be conveyed by the said trustees of said trust, by a deed in proper form, unto the said Mary Van Alen, and in pursuance of this report a judgment was entered directing such transfer. The referee held that the trustees were not entitled to commissions as trustees upon the value of the real estate thus held for the benefit of Mary Van Alen.

The estate of the executors or trustees in this land thus devised to them for the benefit of Mary Van Alen was commensurate with the trust, bounded as to its duration by the terms of the trust.

52 N.Y.S.—20

Phœnix v. Livingston, 101 N. Y. 458, 5 N. E. 70. The trustees were directed to set apart land to be valued by them at $300,000. They were to have and to hold the same during the minority of Mary Van Alen, but upon her arriving at the age of 21 years the land, under the will, was to go to Mary Van Alen. Upon the executors selecting the land which was to be set apart from the individual estate of the testator, the land so set apart then vested in the executors as trustees during the minority of Mary Van Alen, and, upon her arriving at the age of 21 years, vested in her. The executors had no power given to them by this clause of the will to sell this land and turn it into money and invest the proceeds. After the particular real estate had been selected by the executors, it still remained real estate, and the remainder vested in Mary Van Alen. The possession or enjoyment was merely postponed until she arrived at the age of 21 years. The trustees held this land during the continuance of the trust as real estate, and their duties in regard to it consisted merely in receiving the rents, issues, and profits thereof, and accumulating the surplus income, until the devisee should arrive at the age of 21 years. Its character never changed from that of real estate to personal property. The provision as to the selection of the land by the executors, which fixed the value of the property to be selected at $300,000, was merely a method adopted by the testator to separate the particular real estate that was to be selected and set apart for the use of the beneficiary. There was no equitable conversion of the property, because there was no direction to the trustees to sell. In fact, this clause vested in them no power to sell. The conveyance by the executors to the trustees created no more extensive estate in the property in the trustees than was given to them by the terms of the will itself, and this conveyance by the executors to the trustees was merely an effective way of selecting the property which was to be set apart for the benefit of Mary Van Alen. The provisions of article 2 of the fifth codicil did not change this construction to be given to the will. It is true that the testator there speaks of this real estate as a trust fund of $300,000, but he was there simply describing the provision that he had made for the separation of real estate from the bulk of his estate of that value for the benefit of Mary Van Alen. He therein directed that real estate should be set apart for her to the value of $466,667, instead of $300,000, as directed by the fourth clause of the will; but he also directed that all the provisions, trusts, and powers of the said fourth article of the will, which apply to each of said trust funds or estate therein named, should apply to each of the trust funds, respectively, as so increased, being a distinct recognition of the fact that this was an estate which had been devised by the fourth article of the will, and not a fund of money created thereby. Reading both these provisions together, the intention of the testator is clear. He made this provision for his granddaughter, providing a method by which a certain portion of real estate could be set apart for her, which should vest in her when she arrived at the age of 21 years, and that pending that time his executors and trustees should receive the rents, income, and profits of such real estate, applying so much as was necessary to

the education 'and maintenance of his granddaughter during that time, and that the fee of the property, with the accumulations of rents, should go to her upon her arrival at the age of 21 years. The fact that in the will and the codicils this real estate thus to be set apart for these specific devisees is spoken of as a fund or an estate would not change the character of the property which was to be selected, and when separated vest in his granddaughter. It seems to me, therefore, that the fair construction to be given to this will is that by the will an undivided share of the testator's real estate was given to his granddaughter; a method provided by which an actual partition should be made, so that this share could be separated from the rest of his estate; and that, when so separated, it should vest absolutely in his granddaughter,—a trust being created whereby the rents could be received for her benefit until, under the provisions of the will, she would become entitled to the possession of the estate. Applying this construction of the will, it is quite clear that the case of Phœnix v. Livingston, supra, applied, and that the trustees were not entitled to the commissions upon the fee value of the estate. In that case the will under consideration gave an estate to the trustee, running for the lives of the beneficiaries, with remainder over; and the court held that the trustees were not entitled to commissions upon the value of the estate, and that the fact that they had a power of sale would not affect their right to commissions upon that remaining unsold, the court there saying:

"They were authorized to sell and to rent the real estate. Upon all sums of money thus realized and passing through their hands they were entitled to commissions; but the unsold lands, at the close of the trust, passed to the possession of the remainder-men, not through any title derived from the trustees, but by force of the original devise. The trustees transferred no land, but simply refrained from exercising their power of converting it into money. And so they not only never paid it out, even constructively, by any grant or conveyance, but never even received the absolute fee, which all the time was a vested interest in remainder. Their estate was simply commensurate with their trust, bounded as to the duration by the terms of the trust, and as to the unsold lands never equaling in value that of the fee."

This, we think, is conclusive upon the question presented here. The fact that the trustees adopted the form of a conveyance to themselves as trustees upon the trust mentioned in the will, as before stated, vested in them no greater estate in the land than that directed by the clause of the will in question; and their executing the formal conveyance to the devisee upon her arrival at the age of 21 years is nothing more than the exercise of the power conferred upon them of selecting the estate which was to be vested in the granddaughter, and transferring to her the legal title thereto.

I think the judgment appealed from was clearly right, and should be affirmed, with costs. All concur.