(Surrogate's Court, New York County. December, 1898.)

EXECUTORS—COMMISSIONS ON INCOME—TRUSTS.

Testator directed a sum to be invested for a certain person by the executor and trustee, and that, after paying all commissions, charges, and disbursements incident to the management of the fund, the executor and trustee should pay the beneficiary a certain sum annually, either from principal or income, until all the fund and interest thereon should be paid to the beneficiary, or until his death, anything unpaid in the latter event to fall into the residuum. *Held*, that the executor was not entitled to commissions on income turned over to himself as trustee.

Judicial settlement of the account of the Union Trust Company of New York, as executor of the will of James H. Gilbert, deceased.

So much of the will as need be set out for the purposes of this case is as follows, viz.:

"(1) That my said executor and trustee set apart the sum of five thousand dollars ($5,000), and invest the same for the benefit of Hugh McK. Walsh, of the city of New York; and, after first paying all commissions, charges, and disbursements incident to the management and investment of said sum, I direct my said executor and trustee to pay to said Hugh McK. Walsh the sum of five hundred dollars in each and every year, either from the principal or income of said above-mentioned sum of five thousand dollars, the first payment of said five hundred dollars to commence in one year after my decease; and said yearly payments are to be continued until said sum of five thousand dollars, with the accrued interest thereon, shall have been paid to said Hugh McK. Walsh, or he shall have died in the meantime. Upon the death of said Hugh McK. Walsh, if any part or portion of said sum shall remain undistributed, I direct that the same shall become a part of my residuary estate, to be distributed as hereinafter provided.

"(2) If my servant Felix Armstrong is in my service at the time of my decease, then I direct my said executor and trustee to set apart the further sum of three thousand dollars from my said estate, and invest the same for the benefit of the said Felix Armstrong; and, after first paying all commissions, charges, and disbursements incident to the management and investment of said sum, I direct my said executor and trustee to pay to said Felix Armstrong the sum of three hundred dollars in each and every year, either from the principal or income of said above-mentioned sum of three thousand dollars, the first payment of said three hundred dollars to commence in one year after my decease; and said yearly payments are to be continued until said sum of three thousand dollars, with the accrued interest thereon, shall have been paid to said Felix Armstrong, or he shall have died in the meantime. Upon the death of said Felix Armstrong, if any part or portion of said sum shall remain undistributed, I direct that the same shall become a part of my residuary estate, to be distributed as hereinafter provided.

"(3) I direct that my said executor and trustee invest all the rest, residue, and remainder of my estate; and, after first paying all commissions, charges,

and 'expenses incident to said investment, to pay the income arising therefrom to my father, James L. Gilbert, in semiannual payments, during the term of his natural life."

Miller, Peckham & Dixon, for executor.

H. C. Sherwood, Rufus L. Scott, Knevals & Perry, and Howard A. Taylor, for respondents.

FITZGERALD, S. The question, as I understand it, here presented for decision, is as to the commissions to be allowed on the amount of income of the estate which the executor of the will of the decedent now has on hand for disposition. While it is not stated how much of this appertains to each of the funds whose income is disposed of by the first, second, and third paragraphs of the twenty-second clause of the will of the testator, I take it that some of it belongs to each. The language in which these paragraphs is couched seems to me to preclude the notion that the commissions upon the income of any of these funds can be paid from any other source than the income of the fund itself, or its share of the general income of the estate, in case it has not been separately productive of income. This is so, notwithstanding the capital of the fund may be used in supplying the fixed annual sum given to the beneficiary, but only, as I construe the will, to the extent of the deficiency of the income. The funds disposed of by the paragraphs mentioned constitute trust funds, intended by the testator to be set apart and to be distinctively and separately managed by the executor as trustee, and, for the turning over of the corpus of the same to itself as trustee, the executor is entitled to commissions thereon for receiving it and paying it out. As to the income, however, of such corpus, which the accountant has in its hands, and which it is about to retain or transfer to itself as trustee, I do not think that it is entitled to any commissions thereon as executor. There can be no doubt that the testator never contemplated or intended, in his creating trusts having for their object the collection and application of the income by the trustee exclusively, in its distinctive capacity as such, that the latter should receive commissions upon the same as executor in addition to those to which it will become entitled as trustee. The theory upon which an executor who is also a trustee is allowed commissions in each capacity upon the same fund is that the testator intended that the capital thereof should pass in succession from the executor to himself as trustee, to be held by him exclusively in the latter character. No such intention can exist in cases of ordinary occurrence like the present, where no such succession is contemplated by the testator, but where the right to receive and disburse the income is solely conferred upon the trustee by the creator of the trust. The decision in Re Work's Estate, Surr. Dec. 1897, p. 341, reinforces the views which I have expressed, and is an authority for my refusal to grant the application of the executor for commissions upon the income in question.

Application denied.