should be published in two papers, in the manner which they prescribe. This must be done before any decree for distribution can be made in this matter.

Decreed accordingly.

—————

(27 Misc. Rep. 471.)

## In re HARPER.

(Surrogate's Court, New York County. May, 1899.)

TRUSTS—COMMISSIONS OF TRUSTEE.
  Where a trustee for a number of years rendered his accounts to the beneficiaries without claim for commissions, and paid over the whole income, he cannot afterwards claim such commissions.

Exceptions by the beneficiaries to a decree settling the accounts of John W. Harper, executor of John Harper, deceased. Exceptions sustained.

Adams & Allen, for executor.
Miller, Peckham & Dixon, for respondents.

FITZGERALD, S. An examination of the evidence in this matter satisfies me that the referee has correctly found that there was no agreement or understanding between the trustee and the beneficiaries of the trusts, respecting which the former is now accounting, that he would waive or renounce his right to the commissions upon the income which he has disbursed to such beneficiaries. He omitted, however, to deduct or retain from this income, which had been annually received and paid out by him during many successive years, pursuant to the requirements of the will of the testator, the commissions which he was entitled to withhold upon making such annual or periodical payments; and the referee has held that, notwithstanding this, he is now entitled to claim and be allowed such commissions. Since the filing of the report of the referee, the precise question passed upon by him has been considered by the appellate division of the Second department, and a contrary view of the question has been taken by the court in its decision. Spencer v. Spencer, 38 App. Div. 403, 56 N. Y. Supp. 460. While there are cases in which some of the language used in the opinions of the court may seem or tend to support the conclusion which the referee reached, in none of them was the point passed upon by him raised or decided. In Re Selleck, 111 N. Y. 284, 19 N. E. 66, the question was as to the right of the trustee, who paid over income monthly, which he was directed by the will to distribute as soon as it was received, to charge full commissions on each monthly payment of income made; and the court held that he did not have such right, but was only entitled to full commissions upon the aggregate of the income annually received and disbursed. The point presented in Naylor v. Gale, 73 Hun, 53, 29 N. Y. Supp. 934, was whether the law which was in force at the time of their accounting, and which increased the compensation of the trustees, was to govern in determining the commissions to which they were entitled, and it was de-

cided that it was. In re Prentice, 25 App. Div. 209, 50 N. Y. Supp. 1133, decides that a decree was not rendered without jurisdiction, because there was not then before the court sufficient property to admit of immediate payment of the trustees' commissions. In re Allen, 29 Hun, 7, 10, 11, affirmed in 96 N. Y. 327, and the case of Beard v. Beard, 140 N. Y. 260, 35 N. E. 488, have been examined, and in neither of those cases is found any determination or expression of opinion adverse to the decision in the case of Spencer v. Spencer, supra. That decision I feel compelled to regard as controlling my disposition of the question which I have been considering. The exception which has raised it is therefore sustained.

Exception sustained.

---

(27 Misc. Rep. 416.)

### In re McCORMICK.

(Surrogate's Court, New York County. May, 1899.)

1. EXECUTORS AND ADMINISTRATORS—SETTLING EXECUTORS' ACCOUNT.
   A decree settling an executor's account will not be disturbed on general allegations of fraud unsupported by evidence.

2. TESTAMENTARY TRUSTEE—ACCOUNTING.
   A petition against a testamentary trustee for an accounting does not come under Code Civ. Proc. §§ 2804, 2806, prescribing procedure to compel such trustee to pay over money or property.

3. LIMITATION OF ACTIONS.
   Though a testamentary trustee characterizes his payments to the beneficiary as gifts, this is not such a disavowal of the relationship as will set in operation the statute of limitations.

Proceedings for accounting against William G. McCormick as executor and trustee of William H. Martin, deceased. Decree for accounting as trustee.

John N. Johnson, for petitioner.
Abner C. Thomas, for executor.

VARNUM, S. The application herein was heard by Surrogate Arnold, and it has since been stipulated that the questions involved be decided by me. The prayer of the petition is that the respondent be directed to account "as executor and trustee." It appears that a decree judicially settling the accounts of respondent as executor was made by this court in 1870. While a general allegation of fraud is now made, no evidence to substantiate such allegation is submitted. There is no valid reason given why this decree should not be permitted to stand. In re Tilden's Ex'rs, 98 N. Y. 434.

The sole question that remains is as to the liability of the respondent to account as testamentary trustee. It is contended that, even if such an obligation exists, the present petition is fatally defective, in that it does not comply with the requirements of sections 2804 and 2806 of the Code of Civil Procedure. Those sections contain the provisions applicable to proceedings by a beneficiary to compel a trustee to pay over money or deliver personal property. The petition herein asks for an accounting only, and therefore comes directly under