---

(29 Misc. Rep. 728.)

In re TUCKER'S ESTATE.

(Surrogate's Court, New York County. December, 1899.)

1. EXECUTORS. AND ADMINISTRATORS—TRUSTEES—COMMISSIONS.
    Where testatrix gave the residue of her estate to trustees with power of sale, to apply the income to the use of her grandchildren for life, with vested remainders over, such executors were not entitled, on final accounting, to commissions on undisposed of realty subject to the trust.

2. SAME—WAIVER.
    Executors and trustees of an estate, paying out the income received therefrom without retaining or providing for their commissions, are deemed to have waived their right thereto.

3. SAME—EXECUTORS AND ADMINISTRATORS—DOUBLE COMMISSIONS—ALLOWANCE.
    Though executors and trustees of an estate, directed to apply the income to the use of testator's grandchildren for life, are entitled to double commissions, they will be allowed commissions as executors only on settlement of their final accounting as such, and the allowance of their commissions as trustees will be postponed until their first accounting as trustees.

4. SAME.
    Where testatrix gave the residue of her estate to her executors and trustees, to apply the income to the use of her grandchildren, such executors and trustees were not entitled to double commissions on the undisposed of income arising from the estate, since it was the intention of testatrix that the income from the estate should be received by the trustees without being held by the executors.

5. GUARDIAN AND WARD—ALLOWANCE.
    Where serious legal questions were involved in a litigation, and a special guardian was justified in pursuing the litigation to the extent which he did, it was proper to grant him an allowance of the income of his wards' estate, though he was unsuccessful in upholding his contentions.

Judicial accounting by the executors and trustees of Anna E. Tucker, deceased.

Louis O. Van Doren, for executors and trustees.

VARNUM, S. The testatrix herein gave the residue of her estate to her executors and trustees "as trustees," to divide the same into three parts, and to apply the income of each of such parts to the

use of a grandchild for life. The trusts terminate immediately upon the death of the life beneficiaries, the remainders being directly disposed of and vested by the decedent. A discretionary power of sale is given the executors and trustees. On the settlement of the decree upon the final accounting of the executors it appears that the latter hold certain undisposed of real estate which is subject to these trust provisions. The accountants contend that, under the terms of the will, an equitable conversion of this real estate has taken place; that, consequently, it must be regarded as personalty; and that they should receive commissions on its value. In the case of Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70, the terms of the will were very similar to those in the present case. The court pointed out that the absolute fee was never in the trustees, but was given directly by the testator to the remainder-men, and hence the prior title in the trustees only existed for the purposes of the trust, so that all unsold land, at the termination of the life estates, would pass to the remainder-men, not through any title derived from the trustees, but by force of the original devise. Commissions were, therefore, refused on the value of land as to which the power of sale had not been exercised. And see Roosevelt v. Van Alen, 31 App. Div. 1, 5, 52 N. Y. Supp. 304; In re Clinton, 16 Misc. Rep. 199, 38 N. Y. Supp. 945. Even if it be assumed that an equitable conversion is worked by the will, yet no commissions are earned until the land has actually been converted. In re McLaren's Estate, 6 Misc. Rep. 483, 27 N. Y. Supp. 289. The claim for these commissions must, therefore, be disallowed.

The accountants also ask for commissions on the income received and paid out by them. The rule in this regard is that a trustee who pays out the income of the estate without retaining or providing for his commissions must be deemed to have waived all right thereto. Spencer v. Spencer, 38 App. Div. 403, 411, 412, 56 N. Y. Supp. 460; In re Harper, 27 Misc. Rep. 471, 59 N. Y. Supp. 371. The accountants having failed to deduct their commissions at the proper time, it is now too late to afford them relief.

It is further contended that double commissions should be allowed, for the reason that the estate must be held by the accountants first as executors and thereafter as trustees. I am of the opinion that this contention is well founded, since the functions of the executors and trustees under the will of the decedent are unquestionably distinct and apart from each other. Laytin v. Davidson, 95 N. Y. 263. The fixing of commissions on behalf of the trustees should, however, be postponed until their first accounting in that capacity, and the decree now to be entered should only provide for commissions to the executors. So far as concerns the unexpended income in the hands of the accountants, double commissions cannot be allowed, it being the manifest intention of the testatrix that the income of her estate should be received by her trustees directly, without at any time holding it as executors. In re Gilbert, 25 Misc. Rep. 584, 56 N. Y. Supp. 149. Consequently, commissions on this surplus are hereafter payable to the accountants as trustees. I have given careful consideration to the claim of the special guardian for a further

allowance. While the main contention which he raised was de-
cided unfavorably to him, yet, in view of the serious questions in-
volved, he was thoroughly justified in litigating the matter to the
great length that he did; and the fact that he was unsuccessful in
upholding his views should not deprive him of a fair and reason-
able compensation. I have determined to allow him the further sum
of $1,000, to be paid from the income of his wards, the general es-
tate having already contributed a sum equivalent to his costs. The
bill of costs presented by the accountants has been taxed. Commis-
sions should be calculated on $127,024.39. Insert allowance, costs,
and commissions in decree, and present the same for signature.

Decreed accordingly.