---

(114 App. Div. 565)

### CHISOLM et al. v. HAMMERSLEY et al.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. TRUSTS—COMMISSIONS OF TRUSTEES—AMOUNT OF TRUST ESTATE.

     Under Code Civ. Proc. § 3320, as amended by Laws 1904, p. 1921, c. 755, declaring that two or more trustees of an express trust are entitled to certain commissions to be apportioned among them, and that where the value of the principal of the trust estate or fund equals or exceeds $100,000 each trustee is entitled to full commission on principal and on income of each year to which a sole trustee is entitled, unless the trustees are more than three, etc., the value of unsold real estate held in trust cannot be considered in determining whether or not the trust fund exceeds $100,000 in value.

2. SAME—ACCOUNTING—EXPENSE.

     On an accounting by trustees the expense of the accounting was properly charged against the corpus of the trust estate instead of the income.

Appeal from Special Term, New York County.

Action by George E. Chisolm and another, as trustees, against Katharine L. Hammersley and others for a settlement of plaintiffs' accounts. From a judgment confirming a referee's report fixing the commission of plaintiffs as trustees and awarding costs and expenses, the defendant named and another appeal. Modified and affirmed.

Argued before McLAUGHLIN, PATTERSON, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

James B. Ludlow, guardian ad litem of infant defendants, in person, for appellants.

Manfred W. Ehrich, for plaintiffs.

Henry H. Man, for defendants.

HOUGHTON, J.   Certain real property was conveyed to the plaintiffs in trust to apply the rents and profits thereof "after deducting all necessary or usual charges" and commissions to Margaret W. Chisolm, afterwards Hammersley, during her life, and on her decease "to convey, assign, and set over the premises" conveyed, or the proceeds in case of sale, to her issue in such shares as she might by last will and testament limit and appoint, or, in default of such appointment, to her issue per stirpes.   Margaret W. Hammersley died leaving a will by which she exercised this right of appointment, share and share alike, to her two children, these appellants.   The deeds of trust gave to the trustees power of sale, and during the lifetime of Mrs. Hammersley they sold a portion of the real property, receiving $95,000 therefor; the value of the portion remaining unsold being upwards of $200,000. This action was brought for an adjustment of the accounts of the trustees, and the issues arising therein were sent to a referee, on the confirmation of whose report judgment was entered.

The appellants complain of that portion of the judgment which grants full commissions to each of the two trustees on $10,470.33 of income, and on the $95,000 received from the sale of the real estate; and also of that part which directs that the costs and expenses be paid out of the corpus of the fund, instead of apportioning them between the corpus and the income.   Full commissions were allowed to each of the two trustees, on the theory that the value of the trust estate was more than $100,000.   This value was obtained by proving that the unsold and unconverted real estate, forming a part of the trust, and remaining in the hands of the trustees on its termination, was $200,000 and over, making, together with the cash received, an estate upwards of $300,000. Commissions, however, were not claimed or allowed on the value of the unsold real property, but only upon the $95,000 of cash actually received and on the income.

The respondents concede that the $10,000 of income cannot be added to the $95,000 of principal in order to make an estate of over $100,000 which would entitle each trustee to full commissions; recognizing the rule to that effect laid down in Matter of Willets, 112 N. Y. 289, 19 N. E. 690, and in Slosson v. Naylor, 2 Dem. Sur. 257, as well as the fact that the trust had terminated, and the income from the real property belonged and passed to the remaindermen.   They seek, however, to sustain such allowance under the provisions of section 3320 of the Code of Civil Procedure, as amended by chapter 755, p. 1921, of the Laws of 1904.   This amendment went into effect September 1st of that year, and after the death of the life tenant, and after the bringing of this action and the filing of plaintiffs' account before the referee, and contains the following provisions:

"A trustee of an express trust is entitled, and two or more trustees of such a trust are entitled, to be apportioned between or among them, according to the services rendered by them, respectively, as compensation for services as such, over and above expenses, to commissions as follows:   For receiving and paying out all sums of principal not exceeding one thousand dollars at the rate of five per centum; for receiving and paying out any additional sums of principal not exceeding ten thousand dollars, at the rate of two and one-half per centum.   For receiving and paying out all sums of principal above eleven thousand dollars, at the rate of one per centum, and for receiving and

paying out income in each year at like rate. In all cases if the value of the principal of the trust estate or fund equals or exceeds one hundred thousand dollars, each such trustee is entitled to the full commission on principal and on income of each year to which a sole trustee is entitled, unless the trustees are more than three; in which case full commissions at the rates aforesaid must be apportioned between or among them according to the services rendered by them, respectively."

The appellants urge that this amendment does not apply to the plaintiffs, because their trust had been terminated by the death of the life tenant, and they had commenced and concluded the performance of their services as trustees for which a fee was allowed by a prior statute, and their commissions had been earned and their rights regulated before the law was enacted.

By section 2810 the provisions of section 2730 of the Code of Civil Procedure, fixing the commissions of an executor or administrator, had been made applicable to a trustee, and the latter section provided that the gross value of the personal property of decedent must amount to $100,000 in order that two or more executors or administrators should be entitled to full commissions. This provision with respect to the fees of executors or administrators was confined entirely to personal property of the decedent, and the courts had uniformly held that several trustees were only entitled to full commissions when the value of the personal property of the trust exceeded $100,000, and that they were not entitled to commissions on the value of real estate held as a part of the trust unless it had been actually converted into money, and only so far as such conversion had really taken place; nor was such unsold real property to be valued for the purpose of swelling the estate or computing commissions. Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70; Naylor v. Gale, 73 Hun, 53, 25 N. Y. Supp. 934; Roosevelt v. Van Alen, 31 App. Div. 1, 52 N. Y. Supp. 304.

Section 3320 is embraced within title 5, c. 21, of the Code of Civil Procedure. That title relates to fees of certain public officers, referees, receivers, and officers of the court generally. By section 3331, also within that title, it is provided that:

"Where an officer has, when his title takes effect, commenced the performance of a service for which a fee is allowed by the statutes heretofore in force, he is entitled to the fee so allowed for the completion of that service, and he is not entitled to the fee for the same or a corresponding service allowed by this title."

Under this provision it was held that the poundage of a sheriff under an attachment was regulated by the provision of law in force at the time of the original levy, and not by a new law, which had been enacted before the attachment was discharged. Woodruff v. Imperial Fire Ins. Co., 90 N. Y. 521.

Trustees are officers of the Supreme Court, and it has inherent jurisdiction over them. There may, however, be some doubt whether they are such officers as are contemplated by the provisions of section 3331, above quoted. Whether they are or not is of little importance in our view of the present appeal, because, even conceding that the plaintiffs are entitled to the benefit of the amendment of 1904 in fixing their commissions, we do not think it was the intention of the Legislature to change the law, and to permit the value of unsold real

estate to be computed in determining whether or not the trust fund exceeded $100,000 in value. The language used by the amendment in providing for the payment of commissions is "'for receiving and paying out all sums of principal." Real property is not a "sum of principal" which can be paid out. Finally, the section provides, "if the value of the principal of the trust estate or fund equals or exceeds one hundred thousand dollars," then full commissions may be granted to several trustees, not exceeding three. The word "principal" in the latter phrase is used in a different sense than in the former, and relates to the fund, which is to be paid over either in cash or its equivalent in securities. It is said that the Legislature must have intended to provide something new, because the fees of trustees had already been made the same as those of executors and administrators, which must be computed on personalty alone. Section 2810 of the Code, so regulating commissions, applied only to testamentary trustees. This provision of the law did not foreclose the Legislature from enacting a law regulating the fees of trustees in general. The trusts expired upon the death of Mrs. Hammersley, and the fact that it was provided that the trustees should convey the real estate to the persons appointed by her will did not prolong the trust, nor did it operate to convert the property so passing into money. The trust deeds in connection with the will had the effect of passing title to the appellants, her children, duly appointed under the power given to her. Phœnix v. Livingston, supra; Roosevelt v. Van Alen, supra. A conveyance may be desirable as completing a chain of title, but it is not an absolute necessity.

Our conclusion is that the trust estate cannot be regarded as one amounting to $100,000, and hence that each of the trustees was not entitled to full commissions.

With regard to the expenses of the accounting, we think the court was right in charging them against the corpus of the estate instead of the income, or apportioning them between the two. It is a general rule that the trust fund must bear the expense of its administration. Woodruff v. N. Y. L. E. & W. R. R. Co., 129 N. Y. 27, 29 N. E. 251. It was necessary that an accounting should be had, and no complaint is made as to the amounts allowed. We see no reason why they should not be paid from the fund itself.

The judgment appealed from should be modified by reducing the allowance of commissions to $1,426.76, to be divided equally between the two trustees, and, as so modified, affirmed, without costs to any party as against the other, and with leave to the guardian ad litem to apply to the Special Term to fix his compensation on this appeal. All concur.