SARAH E. COOK et al., as Executors of CHARLES T. COOK, a Deceased Trustee and Executor under the Will of CHARLES B. STOCKWELL, Deceased, Plaintiffs, *v.* MARIA L. STOCKWELL, Respondent, and JULIA B. FREEMAN, as Ancillary Administratrix with the Will Annexed of FRANCIS P. FREEMAN, Deceased, Appellant, Impleaded with Others.

**Decedent's estate — commissions of trustees — what constitutes waiver of such commissions.**

Where trustees for a series of years paid to the beneficiary all of the trust income taking no commissions thereon, one of the trustees openly renouncing his right thereto, a claim therefor is met and defeated by the fact that the conduct of their administration of the trust shows a clear intention to waive commissions, even though no formal accounting had been had by them as such trustees. (*Olcott* v. *Baldwin*, 190 N. Y. 99, 109; *Hancox* v. *Meeker*, 95 N. Y. 528, 539, followed.)

*Cook* v. *Stockwell*, 144 App. Div. 895, affirmed.

(Argued October 28, 1912; decided November 19, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1911, affirming a judgment in favor of defendant respondent and against defendant appellant, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Norman Johnson* for appellant. Where the trustee has not had annual settlements of his account he ought to be allowed the usual commissions upon the ,aggregate amounts received by him, provided he has in his hands a surplus of income belonging to the same party to whom he has made the payments, and he ought not to be held to have waived such commissions to the extent of such surplus of income no matter in what fiscal year such

31

income may have been received. (2 Heaton's Surrogates' Courts, 1122, § 1366; *Matter of Norton,* 58 Misc. Rep. 133; *Conger* v. *Conger,* 105 App. Div. 589; 185 N. Y. 554.)

*Coleridge A. Hart* and *John H. Whiting* for respondent. When a trustee pays over from time to time the entire income of a trust fund to the beneficiary, not retaining sufficient thereof to pay his commissions, he is deemed to have waived them, or at least to have deprived himself of the only fund from which they can be paid. (*Olcott* v. *Baldwin,* 190 N. Y. 99; *Matter of Prentice,* 25 App. Div. 209; *Spencer* v. *Spencer,* 38 App. Div. 403; *New York Life Ins. Co.* v. *Baker,* 38 App. Div. 417; *Matter of Haight,* 51 App. Div. 310; *Matter of Johnson,* 57 App. Div. 494; *Matter of Slocum,* 60 App. Div. 438, 445; *Conger* v. *Conger,* 105 App. Div. 589; 185 N. Y. 554; *Matter of Haskin,* 111 App. Div. 754; *Hancox* v. *Meeker,* 95 N. Y. 528; *Matter of Mason,* 98 N. Y. 527; *Matter of Selleck,* 111 N. Y. 284.)

GRAY, J. The sole question, which, under a stipulation by the parties, is presented upon this appeal, is whether the appellant, the administratrix of a deceased trustee, is entitled to recover commissions on the amount of income received and disbursed by the trustee during his lifetime. The trustee had paid over to the beneficiary the whole of the net income without reservation of, or for, his commissions and if the claim of his administratrix is allowed, it must, now, be paid by the beneficiary of the trust.

Charles B. Stockwell died in November, 1892; leaving a will by which he constituted a trust for the benefit of his wife, during her lifetime, in the net income of his residuary estate. He appointed his wife and certain of his friends to be executors of his will and they were to act as the trustees. His wife, Maria L. Stockwell, Francis P. Freeman and Charles T. Cook qualified as

executors. In May, 1893, six months after testator's death, Freeman and Cook transferred to themselves as trustees the entire balance of the estate in their hands and established the trust under the will. Freeman died in November, 1899, and Cook in January, 1907. The testator's widow and the United States Trust Company are now acting as trustees; the latter being appointed by the will to succeed as trustee in the event which happened. After Cook's death, this action was commenced by his executors for a settlement of his accounts as executor and trustee; joining as defendants, among others, Mrs. Stockwell and Mrs. Freeman, the administratrix of Freeman, the deceased trustee. Mrs. Freeman joined in rendering an account of proceedings up to the death of Freeman and claimed to be entitled to receive commissions on the income received and paid out by him. Mrs. Stockwell opposed the allowance of commissions to, either, the executors of Cook, or the administratrix of Freeman. The action was tried before a referee; who rendered a decision, which, *inter alia*, denied commissions on the receipt and disbursement of the income of the trust estate during Freeman's and Cook's lives. The Appellate Division unanimously affirmed the judgment upon his decision. The question of law, which has survived the affirmance, is the one heretofore stated and that must depend on whether, upon the facts found, the legal conclusion was sound that Freeman had waived the commissions, to which he was entitled upon the income of the trust. The referee found the waiver by Freeman as a fact, as well. Such a finding may well be one of fact, whether it rests upon some direct statement of the person, or upon other facts which, taken together, establish it. In the case of trustee Cook, it was found that he had expressly, and frequently, stated that he did not intend to accept any commissions. Freeman is not found to have made such a statement; but facts are found in relation to the administration of the trust, which make

out the waiver on his part. From the time when, in May, 1893, they commenced to act as trustees, neither Freeman, nor Cook, ever took, or claimed, any commissions. In that month, they accounted to Mrs. Stockwell for their receipts of moneys as executors and their disbursements, as such, for medical attendance and funeral expenses, for legacies and for taxes on the legacies and the residuary estate, and they deducted commissions as executors. At the same time, they, also, rendered an account of the trust income received and of payments therefrom, and they reserved no commissions thereon as trustees. Subsequently, in December of that year, they paid to Mrs. Stockwell, as beneficiary, the entire income received from the trust estate, prior to January 1st, 1894, without retaining any part thereof as commissions, or as a fund out of which commissions could be paid. The finding is that "thereafter from time to time   *   *   * during each year   *   *   * down to December 15, 1906, *   *   * the said beneficiary received the entire net income of said trust estate without any reserving, or retaining, by said trustees of any part thereof as and for any commissions on income, or as a fund out of which the same could be paid." Again, it is found that "the trustees upon receipt by them of the income   *   *   * (a) paid said income to the life beneficiary directly, or (b) deposited said income to her credit   *   *   *, . or (c) deposited said income to the credit of the trust estate and thereafter paid the same to Maria L. Stockwell."

These facts warrant the conclusion that the trustees intended to waive any claim to commissions on the income. The statute allows commissions to executors and trustees; but they may waive them, if they wish, and, if there be any evidence of a waiver, their legal representatives are in no position to dispute it. The case falls, plainly, within our recent decision in *Olcott* v. *Baldwin* (190 N. Y. 99, 109); where the trustees for eighteen years paid to the beneficiary the full net income of the

fund, without deducting their commissions. We held that trustees, upon paying over income to a beneficiary, are legally entitled to deduct their commissions. Judge CHASE, reasoning upon authority, observed in the opinion, "Where, through a long series of years, trustees voluntarily pay the income from a trust fund to the beneficiary as the full net income thereon, it is a waiver by such trustees of their commissions." The appellant, recognizing the force of the decision in *Olcott* v. *Baldwin*, seeks to distinguish that case, in that there had been no accounting in the present case between Freeman and the beneficiary during the continuance of his trusteeship. The distinction is without substance. An accounting is not necessary in such a case to the lawful retention of commissions. (*Hancox* v. *Meeker*, 95 N. Y. 528, 539.) In *Hancox* v. *Meeker*, in the opinion of this court, there was this significant language: "the trustee has a clear right to retain the commissions from the annual income, for if paid to the beneficiary it may be questioned whether afterward there would be any way of compelling their repayment to the trustee. To establish the rule that the trustee should have an annual accounting before he was entitled to retain his commissions would cause great expense and, perhaps, operate injuriously upon the parties interested." Whether trustees pay over, continuously, to the beneficiary, without deductions for commissions, or of any fund for their payment, what they receive, simply, as here; or whether they do so upon accountings, the inference, or conclusion, of a waiver, in either case, is the same; differing, at most, in the formality of the act. The case of *Conger* v. *Conger*, (105 App. Div. 589; affd., 185 N. Y. 554), furnishes no support for a contrary argument, as a consideration of its facts will disclose. In this court, there was no opinion upon affirmance and an examination of the briefs shows that. no question was raised about the commissions.

For seven years prior to his death, Freeman paid to the

beneficiary all of the trust income, about as he received it, and refrained from taking any commissions. For seven years more Cook, as surviving trustee, continued to administer the trust in the same way, openly, renouncing the right to commissions. When, upon his decease, this accounting came on, the right of the administratrix of Freeman to claim the commissions, which the law allowed to a trustee, was met and defeated by the fact that the conduct of their administration of the trust showed the clear intention of the trustees to waive their right to take commissions.

The judgment below was right and I advise that it be affirmed; with costs to the respondent, Stockwell, as against the appellant, Freeman.

WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur; CULLEN, Ch. J., absent.

Judgment affirmed.