In re DIMOND'S ESTATE.

(Surrogate's Court, New York County.   October 30, 1914.)

TRUSTS ⬤⇒316—TRUSTEES' COMPENSATION—BASIS OF COMPUTATION—UNSOLD REALTY.

    Testamentary trustees are not entitled in the Surrogate's Court to commissions on the value of unsold realty constituting part of the trust estate held by them, so that the value of such realty cannot be considered to determine if the principal of the estate is over $100,000, to entitle two trustees to full commissions each.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. ⬤⇒316.]

In the matter of the estate of Margaret Dimond.   On objection to the trustees' account.   Objection sustained.

Charles De Hart Brower, of New York City, for trustees.
Daniel J. Mooney, of New York City, special guardian.
Joseph H. Fargis, of New York City, for James G. Dimond.

FOWLER, S.   As the trustees are not entitled to commissions on the value of unsold real property constituting a part of the trust estate held by them (Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70), the value of that real property cannot be considered in determining whether the principal of the trust estate is $100,000 or over, so as to entitle two trustees to full commissions (Chisolm v. Hamersley, 114 App. Div. 565, 100 N. Y. Supp. 38).   But one full commission will be allowed the accountants, to be divided between them.

The objections to the account are sustained and the decree to be presented will surcharge the trustees with the sum of $1,364.05.   Proceed accordingly.