## In the Matter of the Estate of Maria E. Blake, Deceased.

Surrogate's Court, Kings County, September 9, 1935.

*Flynt & Scully*, for the trustee.

*Cyrus S. Jullien*, special guardian.

Wingate, S.   Upon this accounting by an executor of a deceased trustee, certain objections have been interposed by the special guardian for infant remaindermen.   These center upon the allocation of expenses to principal, which, it is claimed, should have been paid from income, and to the present right of the estate of the deceased trustee to commissions on income.

The trust in question was erected pursuant to the second and third items of the will of this testatrix, which was admitted to probate in this court on June 11, 1894.   The accountant was appointed substituted trustee in the year 1905, and undertook his duties in September of that year.   In January, 1933, the trustee filed a petition for the judicial settlement of his account.   The petition was granted and a successor was appointed and is now acting. Before the account of the resigning trustee was prepared, he died, and his executor has now filed it on his behalf.   It embraces the transactions of the deceased trustee from the date of his qualification on September 11, 1905, to February 3, 1933, when the order revoking his letters was entered.

During the period in question the accountant received a total of income amounting to $50,753.82, and paid to the life tenant $50,699.36, or all but $54.46 of the total sum received, without any reservation for, or deduction of, commissions.   His estate now seeks commissions of $517.54 for receiving this income and $516.99 for its payment, or a total of $1,034.53.

By the terms of the trust the income was payable to Mary A. Moffat during her lifetime, with remainder, after her death, to her surviving children, if any, or, in default of issue, to testatrix's other children.

In a case like the present, in which the income is dedicated to one beneficiary or set of beneficiaries, and the remainder to another, the law is well established that the payment by the trustee of the entire income over a considerable period will amount to a waiver of commissions thereon. (*Olcott* v. *Baldwin*, 190 N. Y. 99, 109; *Spencer* v. *Spencer*, 38 App. Div. 403, 412; *Cook* v. *Stockwell*, 206 N. Y. 481, 484, 485; *Matter of Schaefer*, 178 App. Div. 117, 134; affd., 222 N. Y. 533; *Matter of Harper*, 27 Misc. 471, 472; *Matter of Morris*, 134 id. 374, 384, 385.) *Matter of Prentice* (25 App. Div. 209), cited by the petitioner, is not an authority in point to the contrary as is noted by Surrogate FITZGERALD in *Matter of Harper* (*supra*).

It follows that the claim of credit for commissions on income must be disallowed.

The additional credits, the allowance of which are in issue, group themselves into two classes. The first consists of bond premiums of the trustee aggregating $700, rental of safe deposit box for which $181.50 is claimed and check tax of four cents on income expenditure. These items, aggregating $881.54, were, it is alleged, paid out of his own pocket by the trustee. His estate now seeks reimbursement of this sum from principal. This course is not permissible. (*Matter of Shepard*, 136 Misc. 218, 219, 220; *Matter of Boyle*, 140 id. 523, 526, 528; *Matter of Ayvazian*, 153 id. 467, 471.)

The second set of items aggregates $443.32 and is for taxes, water rates and repairs to premises 38 East One Hundred and Twenty-sixth street. Under ordinary circumstances, the same rule would apply to these expenditures. It is, however, alleged in an affidavit of the accountant that these disbursements were required by reason of the fact that the trustee was compelled to take over certain property upon which he held a mortgage in order to salvage the investment. If such be the fact, it may well be that all or a portion of such expense should be borne by the principal account. The question cannot be determined in the present state of the record and unless the parties are able to make some adjustment, the case must be set down for hearing on this point.

Proceed accordingly.