OPINION OF THE COURT
Nicholas Figueroa, J.
This proceeding defines the narrow scope of compensation for receivers appointed under the Business Corporation Law during a corporate dissolution.
*217 The receiver appointed pursuant to the Business Corporation Law seeks an order: (a) approving his accounting; (b) fixing and approving his commission and expenses; and (c) fixing the fees of the following persons: receiver’s attorney, accountant, and managing agent.
The receiver also seeks an order awarding him a fee of approximately $150,000 as a commission for the receipt and disbursement of several commercial and residential buildings to which he assumed title.
The receiver’s claim for commissions assumes a rate of one percent of the estimated $15,000,000 value of the buildings to which he took title as receiver. There is no dispute with the receiver’s conclusion that “these properties are worth in excess of $15,000,000.” However, the actual value of the property is undeterminable because the receiver was not required to sell the property. There have been several suggestions promoted for establishing a more accurate evaluation.
Respondents reject such suggestions, citing Business Corporation Law § 1217 (a), which in addition to necessary expenses restricts the receiver’s commissions to a percentage of money actually “received and disbursed” as follows: (1) on the first $20,000, not exceeding five percent; (2) on the next $80,000, not exceeding 2V2%; and (3) on the remainder, not exceeding one percent.
The operative effect of this statute is to preclude commissions on the value of corporate property merely coming into the receiver’s hands, or the extent of his work. The language of Business Corporation Law § 1217 precludes compensation based on anything other than the sums of money coming into the receiver’s hands and disbursed, as opposed to the value of the property which merely passes through a receiver’s hands, as happened in the instant case. The statute’s language is plain and unambiguous, and requires little interpretation (see Matter of Ronan Paint Corp., 98 AD2d 413, 417, 418 [1984]; Sega v State of New York, 60 NY2d 183, 190, 191 [1983]). Fees based on the value of property would be contrary to the statute’s “plain meaning and [would] destroy the historic spirit and transcendent policies permeating that legislation” (Matter of Kane, 75 NY2d 511, 516 [1990]). Clearly, the Legislature’s intent was to exclude compensation for all other services, such as taking title to property, in determining a receiver’s commission.
Although decided long before Business Corporation Law § 1217, the Court of Appeals confronted this precise issue in *218 Phoenix v Livingston (101 NY 451): “whether the trustees’ commissions are to be computed upon the value of the real estate” (id. at 454), rather than “sums of money received and paid out” (id. at 457). Although not quoted verbatim in the opinion, the particular statute involved required that the trustee’s commissions are “to be computed upon all sums received and paid out” (id. at 456).
The facts in Phoenix were remarkably similar to the instant corporate dissolution. There, the property consisted of land “[that was] in no just sense received or transferred.” (Id. at 456.) The land in question remained unsold during the trustee’s tenure, “but the unsold lands, at the close of the trust, passed to the possession of the remaindermen, not through any title derived from the trustees, but by force of the original devise” (id. at 457).
In the instant case, title to the property passed to the receiver upon the court’s prior order dissolving the corporations, however, this transfer of title was merely transitory. Although various sums were received and disbursed by the receiver during his tenure, no money was generated from his selling of property. Although there was a transfer, all the property to which the receiver temporarily held title reverted to the corporations by operation of law upon the court vacating its dissolution order, but this transfer did not result in a money-producing sale. Thus, as in Phoenix, the parties and the property were consigned to their original status before the receivership. No funds from a sale of the property were ever generated. Consequently, no res was created upon which a receiver’s fee could be fixed. In effect, this temporary change in title did not become “constructively money” (id. at 456).
Without belaboring the legal implications of the receiver’s fee request, were a commission allowed on the value of real property coming into the receiver’s hands, rather than sums actually received and disbursed, it would alter the statute’s intent “and strain its construction . . . perilously near to legislation.” (Id. at 457.)
Moreover, from a practical standpoint, basing a commission on the purported value of unsold property is problematic for another reason. In the absence of a sale, there is no practical way to establish value. The receiver’s estimated $15,000,000 value of the property is necessarily speculative. Nor is it helpful, as has been suggested, to weigh the feasibility of having prospective auction bidders submit proof of what they would have paid. *219 This would entail additional costs to the corporations which are, after all, wards of the court. This imposes on the court the duty to conserve its ward’s assets, not deplete them. By the same token, a receiver is the court’s fiduciary and must avoid taxing corporate assets unless specifically authorized by statute.
Respondent Rozenblatt asserts that not only the property, but also the funds advanced to the receiver, did nothing more than “pass through” the receiver’s hands, and therefore should not be included as commissions on amounts received and disbursed.
The court rejects this argument. The sums advanced to the receiver were for the purpose of meeting corporate obligations and therefore were not mere “pass throughs.” The money was used for corporate purposes for, among other things, payment of rent owed by respondent Rozenblatt; it therefore constitutes money “received and disbursed.”
Money received and disbursed also includes $350,000 collected as rent, on which the receiver, without citing a specific section of the Real Property Law, claims a five percent commission for a fee of $17,000. However, the commission on this $350,000 must be calculated as per the schedules in Business Corporation Law § 1217, which preempts other statutes relative to receivers appointed thereunder.
It should be noted in deference to the receiver’s fee application, that while CPLR 8004 (a) provides for a receiver’s “commissions, not exceeding five per cent upon the sums received and disbursed,” Business Corporation Law § 1217 has no similar provision. A receiver appointed pursuant to the Business Corporation Law may not receive any fees outside the Business Corporation Law § 1217 scheduled rates (see Goldman v Bernardini, 246 AD2d 510 [1998]). By contrast, although restricted to commissions on receipts and disbursements, the receiver is authorized to retain auxiliary personnel such as an attorney, accountant, and property manager to provide supporting services (Matter of Corcoran v Joseph M. Corcoran, Inc., 154 AD2d 671 [1989]). Their services in the instant case, however, are compensable even though the receiver would be barred from obtaining a fee for similar services. The end result is that others may be compensated for these professional services, but not the receiver, whose fee is strictly based on funds received and disbursed.
The court has considered the objection raised by petitioner Jakubowicz that the receiver’s attorney failed to submit an affidavit of services. However, the attorney has submitted time sheets, and both he and the receiver have submitted affidavits, *220 albeit brief, that satisfy the requirement that the court be apprised of the nature and difficulty of the work. Additionally, the court is familiar with the complexities presented by the legal issues in this case. Therefore, an affidavit of service is not necessary to show the attorney’s impressive professional credentials and the difficulty of the work performed. Under these circumstances, the court finds an hourly rate of $250 to be fair compensation for 66.5 hours.
The receiver also submits a fee application claiming time-consuming services unrelated to receipts and disbursements, not the least of which was skillfully expediting these proceedings. This fee request, however, must be denied because as a Business Corporation Law receiver, section 1217 precludes compensation other than that based on his receipts and disbursements.
Based on the receiver’s total receipts and disbursements of $378,336.84, which includes $350,000 in rent collections, the receiver is entitled to total commissions of $5,783.33.
Accordingly, it is ordered that the receiver’s accounting is approved.