NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
August, 1879.

MATTER OF LEGGATT.

*In the matter of the estate of* WILLIAM H. LEGGATT,
*deceased.*

Upon an accounting by three executors and trustees, where the personal assets did not amount to $100,000, but the rents of real estate collected and paid out amounted to more than that sum, and the accounting included the rents, with the concurrence of all the parties, *Held*, that the executors were entitled to three several commissions, under 3 *R. S.*, 101, § 71 (6 ed.).

MOTION for final decree upon final accounting of three executors and trustees. The personal assets amounted to about $92,000, but the account embraced rents of real estate received and paid out, amounting to over $250,000. The executors and trustees claimed an allowance of three full commissions, while the beneficiaries under the will disputed their right to such commissions, for the reason—first, that the executors are only accounted as such; and second, because the rents do not constitute "personal estate," under 3 *R. S.*, 101, § 71 (6 ed.).

IRA O. MILLER, *for executors.*

BUTLER, STILLMAN & HUBBARD, *for objectors.*

JACKSON & HENRY, *for objectors.*

THE SURROGATE.—It was conceded that if this were an accounting by the executors, in their capacity as trustees, they would be entitled to the three full commissions, as claimed.

An examination of the account, proceedings and proposed decree shows that the accounting parties are called *trustees*, as well as executors, and they have accounted for a very large amount of rents, which, it is argued, they had nothing to do with as executors.

There may be some question whether the executors as such, if they had been ordered to account, could have been compelled to insert, in their account, the rents received, and whether, an order having been made requiring the executors to give security, and they having complied, their sureties could have been made liable for the receipt and misappropriation of the rents of the real estate, in a clear case, where the terms of the will did not work an equitable conversion of the realty into personalty.

It will, however, in this case be seen that an account has been taken of the rents, with the concurrence of all of the parties, and no objection should now be heard against it.

The objection that the executors, on their accounting, cannot be allowed commissions upon the rents received and paid out, but must wait until they shall account as trustees, is based upon the idea that as executors they

take control of the personal estate only, and that if the will confers upon them power over the real estate, they take the same as trustees, as contradistinguished from their functions and accountability as executors.

But by section 75 of 3 *R. S.* (6 ed.), 120, it is provided that executors who shall have sold real estate under the direction of a will, for the payment of debts or legacies, may be cited to account for the proceeds, and compelled to distribute as if such proceeds had been originally personal property in the hands of an administrator.

If, as executors, they may be compelled to account for the proceeds of real estate sold under the authority of the will, it is not easy to suggest any reason why they should not account as such for rents received under like authority.

It seems to me to be a too narrow construction to hold that section 71, above cited, confines the allowances of full commissions to three executors and trustees to such estates as reach $100,000 over and above debts, in *personalty*. If commissions are to be allowed as a compensation for services rendered an estate by executors or trustees, whether for the receipt and disbursement of personal assets, or the collection of rents and sale of lands, there seems to be no good reason why less should be paid for the latter than the former, as it may very often occur that the performance of the latter is much more laborious and troublesome.

Obviously, the statute enlarging the commissions of executors in certain cases was based upon the idea that commissions on an estate of $100,000, under the former statute, was too small for the labor and responsibility of its administration, and that such an estate could afford

to suitably reward a faithful trustee for its administration. The provision that it shall amount to that sum, over and above all debts, points directly to this latter reason. That such a statute should not be strictly and literally construed, so as to unreasonably circumscribe its effect, is declared to be the rule in Mann *v.* Lawrence (3 *Bradf.*, 425), Wagstaff *v.* Lowerre (23 *Barb.*, 207), *Re* De Puyster (4 *Sandf. Ch.*, 511). These cases hold that trustees are entitled to commissions upon real estate held in trust.

I am of the opinion that a reasonable construction of the statute in question entitles the executors and trustees to three full commissions.

Ordered accordingly.