In re DIMOND'S ESTATE.

(Surrogate's Court, New York County.   October 30, 1914.)

TRUSTS ⬤═══316—TRUSTEES' COMPENSATION—BASIS OF COMPUTATION—UNSOLD REALTY.

Testamentary trustees are not entitled in the Surrogate's Court to commissions on the value of unsold realty constituting part of the trust estate held by them, so that the value of such realty cannot be considered to determine if the principal of the estate is over $100,000, to entitle two trustees to full commissions each.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. ⬤═══316.]

In the matter of the estate of Margaret Dimond.   On objection to the trustees' account.   Objection sustained.

Charles De Hart Brower, of New York City, for trustees.
Daniel J. Mooney, of New York City, special guardian.
Joseph H. Fargis, of New York City, for James G. Dimond.

FOWLER, S.   As the trustees are not entitled to commissions on the value of unsold real property constituting a part of the trust estate held by them (Phœnix v. Livingston, 101 N. Y. 451, 5 N. E. 70), the value of that real property cannot be considered in determining whether the principal of the trust estate is $100,000 or over, so as to entitle two trustees to full commissions (Chisolm v. Hamersley, 114 App. Div. 565, 100 N. Y. Supp. 38).   But one full commission will be allowed the accountants, to be divided between them.

The objections to the account are sustained and the decree to be presented will surcharge the trustees with the sum of $1,364.05.   Proceed accordingly.

────────────

(92 Misc. Rep. 656)

In re GROSSMAN'S ESTATE.

(Surrogate's Court, New York County.   December 13, 1915.)

1. TRUSTS ⬤═══316—TRUSTEES' COMPENSATION—STATUTE.

Under Code Civ. Proc. § 2753, providing that, if the gross value of the principal of the estate or fund accounted for amounts to $100,000 or more, each executor, administrator, guardian, or testamentary trustee is entitled to the full commission on principal and income allowed therein to a sole executor, administrator, guardian, or testamentary trustee, the gross value of the principal estate or fund is the determining factor as to whether or not two testamentary trustees shall each be entitled to full commissions on principal and income, and the amount of income has nothing to do with the right to more than one full commission.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. ⬤═══316.]

2. TRUSTS ⬤═══316—TRUSTEES' COMPENSATION—VALUE OF ESTATE—STATUTE.

Where the gross principal of a testamentary trust consisted of parcels of real estate, which were unsold, and which was not to be distributed or delivered, the value of such unsold realty could not be considered to bring the value of the estate beyond $100,000, to entitle two trustees to full

────────────
⬤═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

commissions on principal and income, each, under Code Civ. Proc. § 2753, regulating the matter.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. ☞316.]

3. TRUSTS ☞316—TRUSTEES' COMPENSATION—VALUE OF ESTATE—STATUTE.

The principal and income of a testamentary trust cannot be added together to make an estate of over $100,000, entitling each trustee to full commissions, under Code Civ. Proc. § 2753, regulating the matter.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. ☞316.]

In the matter of the estate of Martin Grossman. On objection to the trustees' account. Objection sustained, and account ordered.

Thornton & Earle, of New York City, for trustees.

FOWLER, S. Upon the judicial settlement of this account of the two trustees under the last will and testament of the above-named deceased a question as to the right of each trustee to full commissions is presented by reason of the fact that the principal accounted for amounts to $84,578.78 and the income accounted for amounts to $136,106.34.

[1] The accountants claim that they are each entitled to full commissions, but this does not appear to be correct. Prior to September 1, 1914, trustees' commissions upon accountings in this court were allowed in accordance with the provisions of section 3320, Code of Civil Procedure, but the revision of 1914 adopted in part the language of section 3320 and incorporated it into section 2753 and made that section in terms apply to trustees, so that now trustees accounting in this court will have commissions allowed in accordance with section 2753, and not in accordance with section 3326. The last paragraph of section 2753 provides that:

"If the gross *value of the principal* of the estate or fund accounted for amounts to $100,000 or more, each executor, administrator, guardian or testamentary trustee is entitled to the full commission on principal and income allowed therein to a sole executor, administrator, guardian or testamentary trustee. * * * "

It will therefore be seen that the gross value of the principal estate or fund is the determining factor as to whether or not two trustees shall each be entitled to full commissions on principal and income and that the amount of the income has nothing whatever to do with the right to more than one full commission.

[2] The accountants further maintain that the *gross* value of the principal of the estate or fund does amount to several hundred thousand dollars; but it appears from their memoranda that this gross principal to which they refer, but which is not the subject of this accounting, consists of parcels of real estate, upon which commissions cannot be allowed, as it is unsold and is not to be *distributed or delivered* (section 2753, C. C. P., fifth paragraph), and it therefore cannot be taken into consideration so as to bring the value of the estate beyond $100,000 (Chisolm v. Hamersley, 114 App. Div. 565, 100 N.

Y. Supp. 38, this case being decided under the provisions of section 3320, which have now been incorporated in section 2753; Estate of Margaret Dimond, 156 N. Y. Supp. 268).

[3] Neither can principal and income be added together in order to make an estate of over $100,000 and thus entitle each trustee to full commissions. Matter of Willets, 112 N. Y. 289, 665, 19 N. E. 690; Slosson v. Naylor, 2 Dem. Sur. 257, referred to in Chisolm v. Hamersley, supra. The trustees will therefore be allowed one full commission, to be divided between them. The account and decree in all other respects appear to be correct, and when the decree is altered to comply with this decision it will be signed.

<hr/>

