### In re SUAREZ'S ESTATE.

(Surrogate's Court, New York County. March 29, 1916.)

1. TRUSTS ☞316(1)—COMPENSATION—COLLECTION OF RENTS.
    Where testator expressly provided that a trust should terminate upon the death of the life tenant, the trustees had no authority to collect rents after his death, and therefore were not entitled to commissions upon any rents collected or received by them after the termination of the trust.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–454; Dec. Dig. ☞316(1).]

2. TRUSTS ☞316(1)—COMMISSIONS—POWER OF SALE.
    Testamentary trustees were not entitled to commissions upon the value of the realty held in trust during the life of testator's wife, notwithstand-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing the power of sale given to them, where such power was not exercised, and the testator's issue became entitled to possession immediately upon the death of the life tenant.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–454; Dec. Dig. ☞316(1).]

Proceeding for accounting by the trustees of the estate of Benigno S. Suarez. Corrected decree to be submitted.

Weekes Bros., for trustees.

FOWLER, S. [1, 2] Upon this accounting the trustees ask that they be allowed commissions upon rents collected by them after the death of the life tenant. As the testator expressly provided that the trust should terminate upon the death of the life tenant, the trustees had no authority to collect rents after that date, and therefore they are not entitled to commissions upon any rents received or collected by them after the termination of the trust. Neither are they entitled to commissions upon the value of the real estate held in trust during the life of testator's wife, notwithstanding the power of sale given to them, as such power was not exercised, and the testator's issue became entitled to possession of the real estate immediately upon the death of the life tenant.

Costs taxed. Submit corrected decree.