Matter of the Intermediate Judicial Settlement of the Account of THOMAS J. KEANE et al., as Trustees, etc., of GEORGE A. FELD, Deceased.

(Surrogate's Court, Bronx County, October, 1916.)

Trustees — accounting  by — commissions — trusts — Code  Civ.  Pro. §§ 2753, 2768(13).

Upon the settlement of a decree on the accounting of trustees, it appeared that there were in their hands, cash, shares of stock, real estate and an unsecured debt due from a corporation. The trustees under Code of Civil Procedure, section 2753, claimed full commissions on principal and income received and paid out, and one-half commissions on the value of the real and personal property received, including the said debt. The value of the debt referred to and of the real estate had not been determined.

Held, (1) that the trustees are now entitled under the language of section 2753 to one-half of the legal commissions on the value of the real estate *received* by them, and that its value

may be considered in determining whether the principal of any trust fund is in excess of $100,000.

(2) That while the debt might come under the designation of personal property (Code Civ. Pro., § 2768, subd. 13), the legislature did not intend that trustees should have commissions on such debt, which under the will they have no right to treat as an investment.

(3) The personal property upon which commissions may be allowed must have been *received,* and the right to receive a debt is not the receipt thereof.

(4) Commissions are allowed to trustees as compensation for services rendered by them and until these services are performed with due diligence no compensation can be allowed in the form of commissions, and the amount of the debt cannot be considered in computing the value of the trust estates for the purpose of determining whether they amount to over $100,000.

PROCEEDINGS on the settlement of the decree on the intermediate judicial settlement of the account of trustees.

William A. Montross, for petitioner.

Maurice S. Cohen, special guardian for infant respondents.

SCHULZ, S.   Upon the settlement of the decree in this matter, a question has arisen as to the amount of the commissions to which the accounting trustees are entitled.

There are in the hands of the trustees, cash, shares of stock in a corporation, real estate and an unsecured debt due from the corporation known as George A. Feld Company, to the decedent.   The trustees claim to be entitled to full commissions on the principal and income of each trust fund, received and paid out, and one-half commissions on so much thereof as they have received and not paid out.   In the case of the trust

created for the widow of the decedent, each of the
three trustees claims to be entitled to such commis-
sions upon the ground that the trust fund in question
amounts to over $100,000. There is no dispute as to
the value of the shares of stock and the right of the
trustees to commissions thereon. The values of the
debt referred to and of the real estate have not been
determined.

The right of the trustees to commissions claimed by
them on so much of the principals of the trust funds
as consist of real estate and of shares in the debt men-
tioned, and the propriety of considering said debt in
ascertaining whether any trust fund is over $100,000,
are challenged.

Prior to the revision of chapter 18 of the Code of
Civil Procedure by chapter 443 of the Laws of 1914,
some confusion had arisen as to what section of the
Code governed in the matter of commissions of testa-
mentary trustees. By sections 2802 and 2810 of the
Code as they then were, it was provided that testa-
mentary trustees were entitled to the same commis-
sions as were allowed by law to executors and adminis-
trators. The latter under section 2730 of the Code
were entitled to commissions for " receiving and pay-
ing out, all sums of money * * * " as therein
more specifically set forth. Section 3320 of the Code
of Civil Procedure, however, which prior to 1904 did
not refer to the amount of trustees' commissions
(Laws of 1902, chap. 404) was amended in that year
(Laws of 1904, chap. 775) to provide for the commis-
sions of trustees of an express trust, and the latter
became entitled to commissions on all " sums of prin-
cipal " received and paid out by them, and on income
received and paid out in each year. There was some
doubt as to whether section 3320 applied to testament-
ary trustees, but in *Robertson* v. *De Brulatour,* 188

N. Y. 301, it was held that such trustees were under that section entitled to commissions for receiving and paying out all sums of principal, and for receiving and paying out income in each year, and that this gave the trustees a right to commissions, both for receiving them and for paying them over.

By the revision of 1914, there was enacted section 2753 of the Code of Civil Procedure which provides so far as material as follows: '' On the settlement of the account of any  *  *  *  testamentary trustee, the surrogate must allow to him his just, reasonable and necessary expenses  *  *  *  and in addition thereto the surrogate must allow to such  *  *  * testamentary trustee,  *  *  *  For receiving and paying out all sums of money '' at the rates therein specified. In this section there is contained a provision as follows: '' The value of any real or personal property, distributed or delivered, shall be considered as money in making computation of commissions.'' This was the law in force during the time for which these trustees now account, section 3320 of the Code of Civil Procedure having been amended (Laws of 1915, chap. 631), so that its provisions with regard to commissions no longer applied to testamentary trustees.

By chapter 596 of the Laws of 1916, in effect May 19, 1916, section 2753 was further amended by changing that part thereof last above quoted to read as follows: '' The value of any real or personal property, *and the increment thereof, received,* distributed or delivered, shall be considered as money in making computation of commissions.'' It appears to be well settled and it is conceded by the special guardian who appears in opposition that the law in effect at the time of the accounting is the law which governs the amount of commissions to be awarded. *Dakin* v. *Demming,* 6 Paige, 95; *Savage* v. *Sherman,* 24 Hun, 307; affd., 87

N. Y. 276; *Naylor* v. *Gale,* 73 Hun, 53; *Whitehead* v. *Draper,* 132 App. Div. 799. Hence, the matter must be determined in the light of the section as amended in 1916.

It is evident that, if a trustee's commissions depended upon the sums of money which he received and disbursed, a great temptation to sell or convert into money, securities and other property which had come into his hands would exist and might result in the sacrifice of the same. The law does not favor such a condition (*Matter of Curtiss,* 9 App. Div. 285), and, long before the enactment of section 2753 of the Code above referred to, it had been held that under the language of section 3320, as amended in 1904, trustees were entitled to commissions, not only upon sums of money received and paid over by them, but also upon securities thus received and delivered in kind (*Robertson* v. *De Brulatour, supra; Olcott* v. *Baldwin,* 190 N. Y. 99), but the phrase " all sums of principal " was construed not to include unsold real estate, the word " principal " being limited to personal property or its equivalent in securities only. *Chisolm* v. *Hamersly,* 114 App. Div. 565; *Matter of Wanninger,* 120 id. 273; affd., 190 N. Y. 527. If a temptation to sell securities for the purpose of earning commissions existed, it seems to me that such a condition would also prevail with regard to real estate when the title vested in the trustees and they had the power to sell. In the case under consideration, the real estate was devised to the trustees, and they have the power to sell it, thus differing from the situation in *Phoenix* v. *Livingston,* 101 N. Y. 451 and *Matter of Ross,* 33 Misc. Rep. 163.

To further perfect the law in that regard was, I believe, the intention of the legislature, when it enacted section 2753 of the Code of Civil Procedure (Laws of

1914, chap. 443), and incorporated therein the provision above quoted. It will be observed, however, that the language of the section as it stood prior to the amendment of 1916, did not entitle the trustees to commissions unless the property was distributed or delivered, and in *Matter of Grossman,* 92 Misc. Rep. 656, decided since the revision of 1914, but prior to the amendment of 1916, it was held that real estate could not be taken into consideration so as to bring the value of the estate beyond $100,000, because no commissions could be allowed thereon, " as it is unsold and is not to be *distributed or delivered.*" With this conclusion, under the language of the section as it then was, I fully agree.

It can be readily seen, however, that in a trust continuing for many years, the time when the trustees would receive any remuneration in the form of commissions for services rendered as to that part of the trust fund which consisted of real estate might be greatly deferred, and indeed a trustee might through his death prior to such allowance be prevented from enjoying the same.

It had been held under the law, as it existed prior to the revision, that one-half commissions could be allowed to trustees for receiving money and securities, and the ground for such holding was at least in part the hardship referred to. *Matter of Johnson,* 57 App. Div. 494; modified in other respects, 170 N. Y. 139.

Granting that it was a hardship for trustees to wait for commissions on money and securities until the trust ended and the money was paid over or the securities delivered in kind, it would appear to be an equal hardship to compel them to wait for commissions on that part of the principal which consisted of real estate until the trust ended, and such a condition might act as an incentive to sell the real estate.

It is my opinion that it was to relieve that situation that the amendment of 1916 which interpolated the words " *and the increment thereof, received,*" had for its object the allowance to trustees of commissions on real estate under the same circumstances that would entitle them to commissions on securities. If such was not the intention, I can find no explanation for the amendment. It has been suggested that by the words thus added it was intended to allow commissions on the *increment received,* but the punctuation of the sentence, namely, the placing of a comma between the words " thereof " and " received " precludes such a construction. I have examined the law making such amendment (Laws of 1916, chap. 596) and a copy of the printed bill before the legislature and the punctuation is the same as that in the Code.

I have been unable to find any decision since the amendment referred to which guides me in reaching a determination or which is controlling upon me.

For the reasons above stated I reach the conclusion and hold that the trustees in this matter are entitled to one-half of the legal commissions upon the value of the real estate which they have received, and, as they are now entitled under the language of section 2753 to commissions on real estate *received,* such value may be considered in determining whether the principal of any trust fund is in excess of $100,000.

As to the amount which the trustees claim to have on deposit with the George A. Feld Company " as an investment," but which I have decided is not an investment but a debt (*Matter of Keane,* 95 Misc. Rep. 25), I reach a different conclusion from that contended for by the trustees. While such a debt might come under the designation of personal property as defined by section 2768, Code Civil Procedure, subdivision 13, I cannot believe that the legislature intended that trus-

tees should have commissions on an unsecured debt, which under the will they have no power to treat as an investment. The personal property upon which commissions may be allowed must have been *received,* and it has been held that the right to receive a debt is not the receipt thereof. *Matter of Hurst,* 111 App. Div. 460; *Matter of Ingraham,* 60 Misc. Rep. 44; *Matter of King,* 122 App. Div. 354.

Commissions are allowed to compensate the representative or trustee for services rendered by him. Code Civ. Pro. § 2753; *Matter of Rutledge,* 162 N. Y. 31, 34; *Betts* v. *Betts,* 4 Abb. N. C. 317; *Collier* v. *Munn,* 41 N. Y. 143; *Matter of Popp,* 123 App. Div. 2. Up to this time, so far as the account discloses, the trustees have rendered no services with reference to this debt. They permitted the executors to credit themselves with it as " an investment " turned over to the trustees, but not as cash, and while I have not permitted the trustees to credit themselves with the item in question as an investment, I have not charged them with it as cash on this accounting. The case is therefore unlike that of *Olcott* v. *Baldwin, supra,* where commissions were allowed on a note and it was said: " Where securities are accepted *as cash,* commissions should be allowed thereon the same as if they had been converted into money and the money re-invested." The services for which these trustees are entitled to commissions with reference to the debt in question all remain to be performed, and, until they are performed with due diligence, no compensation can be allowed in the form of commissions. When the debt is collected, the trustees will be entitled to commissions, but, until it has been so collected, I decline to hold that such commissions are allowable, unless compelled to do so by some controlling authority. My attention has not been drawn to such, nor have I been able to find one.

I accordingly conclude that the trustees are not entitled to commissions upon the debt of $100,347.60 until the same has been collected, and that it cannot be considered in computing the value of the trust estates for the purpose of determining whether they amount to over $100,000.

The value of the real estate hereinbefore referred to is a question upon which all of the parties interested should be heard and must be determined before the commissions thereon can be calculated. I will therefore place the matter on my calendar for October ninth, upon which day the parties may appear and agree on a further later date for the taking of testimony. The entry of the decree will be deferred until such value is ascertained.

Decreed accordingly.