Matter of the Judicial Settlement of the Account of BENJAMIN FREEMAN, HARRY FREEMAN and PHILIP FREEMAN, as Executors of the Last Will and Testament of JACOB FREEMAN, Deceased.

(Surrogate's Court, Bronx County, December, 1918.)

Commissions — when only one commission allowed on judicial settlement of accounts of executors — Code Civ. Pro. § 2753.

Where upon the judicial settlement of the accounts of three executors it appears that though the amount of the principal and income of the estate is over $100,000, the principal is less

Surrogate's Court, Bronx County, December, 1918.   [Vol. 105.

than that sum, only one commission on the amount of both principal and income may be allowed under section 2753 of the Code of Civil Procedure, the executors sharing equally therein.

PROCEEDINGS on judicial settlement of the accounts of executors.

M. S. & I. S. Isaacs, for petitioners.

Edward Kaufmann, for respondent.

Frederick A. Stroh, special guardian for infant respondent.

SCHULZ, S.   The executors in their account showed that the principal of the estate of the decedent that came into their hands amounted to less than $100,000. Subsequently and after a contest they were surcharged with the sum of $10,945.11, of which $7,481.04 was income and the balance principal, but even after such surcharge the principal remained less than $100,000.

There are three executors, and each of these claims to be entitled to a full commission, on the theory that the estate amounts to over $100,000.   The special guardian objects to such an allowance, claiming that income and principal cannot be added together so as to bring the amount of an estate to the sum of $100,000, and thereby entitle each of several executors to full commissions.

An examination of the matters cited by the accounting executors and the statutes providing for compensation to executors or administrators in force when the same were under consideration disclose the following:

When *Matter of Leggatt*, 4 Redf. 148, was decided in 1879, the law provided that each executor or administrator up to three in number should be entitled to a full commission " if the personal estate of the testator

or intestate shall amount in value to not less than one hundred thousand dollars, over and above all debts and liabilities of the testator and intestate" (3 R. S. [6th ed.] 101, § 71), and when *Slosson* v. *Naylor*, 2 Dem. 257, and *Matter of Blakeney*, 1 Con. 128, were before the court in 1883 and 1888 respectively, the statute provided that each executor and administrator up to three is entitled to a full commission "where the value of the personal estate of the decedent amounts to one hundred thousand dollars or more over all his debts." Code Civ. Pro. § 2736. The provisions of the present Code governing the matter are contained in section 2753. This section, in so far as it is material, provides as follows: "If the gross value of the principal of the estate or fund accounted for amounts to one hundred thousand dollars or more, each executor, administrator, guardian or testamentary trustee is entitled to the full compensation on principal and income allowed herein to a sole executor, administrator, guardian or testamentary trustee, unless there are more than three, in which case the compensation to which three would be entitled must be apportioned among them according to the services rendered by them respectively."

It will be observed that there is a material difference between the language of this section and the statutes which governed commissions when the matters cited by the accountants were decided. So that even if it were assumed that the authorities referred to support the contention of the accountants, they would not necessarily do so with the statute changed as indicated above.

It is clear to me that the language of this provision contemplates the allowance of more than one full commission only in those cases where the *principal* of the estate amounts to over $100,000.

In *Matter of Grossman,* 92 Misc. Rep. 656, a similar question was before the Surrogate's Court of New York county. There the accountants were trustees, and the court held that while prior to September 1, 1914, the commissions of trustees were allowed in accordance with the provisions of section 3320 of the Code of Civil Procedure, the revision of 1914 adopted in part the language of that section and incorporated it in section 2753, and made that section in terms apply to trustees so that trustees will have commissions allowed in accordance with section 2753 and not in accordance with section 3326. He then reaches the conclusion that " the gross value of the principal estate or fund is the determining factor as to whether or not two trustees shall each be entitled to full commissions on principal and income and that the amount of the income has nothing whatever to do with the right to more than one full commission." See, also, *Naylor's Estate,* 164 N. Y. Supp. 462.

If this is so as to trustees, then as the same provisions exactly govern the commissions of executors, it must be equally true as to them. I see no reason for disagreeing with the conclusion reached by the court in *Matter of Grossman, supra,* and hold that only one full commission may be allowed herein. See, also, *Savage* v. *Sherman,* 24 Hun, 307; *Chisolm* v. *Hamersley,* 114 App. Div. 565; *Matter of Willets,* 112 N. Y. 289.

An objection is also made by the special guardian to any allowance of commissions upon a note belonging to the decedent in the hands of the executors and not collected by them. Under the authorities which I considered in *Matter of Keane,* 97 Misc. Rep. 213, I am of the opinion that this objection must be sustained.

One commission on the principal and income received and paid out by them except as to the amount of the

note stated, will, therefore, be allowed to the three executors to be divided among them equally. If counsel for the accountants will complete the proposed decree in accordance with the foregoing it will be signed and entered.

Decreed accordingly.