In the Matter of the Appraisal under the Transfer Tax Law of the Estate of KATHARINA SEISS, also Known as CATHERINE SAAS, Deceased.

Surrogate's Court, Bronx County, November, 1922.

**Tax — transfer tax — executor's commissions — commissions not allowed on real estate unsold over which executor has power of sale.**

Testatrix devised and bequeathed her residuary estate, " be same real or personal property," one-half thereof to one of her daughters and the other half to the children of another daughter absolutely and forever. Certain real estate over which the executor was given a power of sale forms a part of the residuary estate, and the power of sale has not been exercised. *Held*, that upon a transfer tax proceeding, the value of the real estate was properly excluded in the computation of the commissions of the executor.

PROCEEDING on appeal from order fixing tax.

*Edward M. Burghard*, for executor.

*John Boyle, Jr.*, for State Tax Commission.

SCHULZ, S. The executor of the last will and testament of the decedent appeals from the order fixing the tax in a transfer tax proceeding upon the ground that the appraiser in his report upon which the order is based, erroneously computed the amount of the executor's commissions, in that he has failed to include the value of the decedent's real property in arriving at the amount thereof.

By the 4th paragraph of her will the decedent gave, devised and bequeathed her residuary estate " be same real or personal property," one-half thereof to one of her daughters and the other half to the children of another daughter absolutely and forever. The real estate in question forms a part of the residuary estate. By the 5th paragraph of her will she appointed the appellant, a corporation, executor, and gave it a power of sale. It is conceded that the power of sale has not been exercised.

The contention is that section 285 of the Surrogate's Court Act sanctions the granting of commissions upon the value of the dece-

dent's real estate under the above state of facts. The section in question, so far as material, provides that " The value of any real or personal property, to be determined in such manner as the Surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions." The executor in this estate did not receive, distribute or deliver any of the real estate in question and hence is not entitled to commissions thereon. *Matter of Rhodes,* 109 Misc. Rep. 406; *Matter of Browning,* 95 id. 459; *Matter of Steele,* 98 id. 180; *Matter of Crain,* Id. 496.

In *Matter of Barker,* 230 N. Y. 364, cited by the appellant as an authority sustaining its contention, the executors were also trustees, and the court said (p. 372), referring to the provisions of section 2753 of the Code, now section 285 of the Surrogate's Court Act: " This provision we think entitles the surrogate to take into account the value of the real estate which came under the custody and charge of the deceased executors in determining as a matter of discretion the fees which should be allowed to them." Under the terms of the will of this decedent none of the real estate came into the custody and charge of the executor, in which respect it is readily distinguishable from the *Barker* case. In all of the proceedings which I have examined, in which commission on real estate was allowed, the real estate was actually received, distributed or delivered by the executor as required by the act. See cases cited in *Matter of Keane,* 97 Misc. Rep. 213; *Matter of Gulden,* N. Y. L. J. Jan. 5, 1918; *Matter of Saltzieder,* Id. Dec. 21, 1915; *Matter of Naylor,* 164 N. Y. Supp. 462; *Matter of Potter,* 106 Misc. Rep. 113; *Matter of McGurk,* 175 N. Y. Supp. 597.

The appraiser was, therefore, correct in not including the value of such real estate in his computation of commissions, and the order based upon his report is affirmed.

Order affirmed.