In the Matter of the Judicial Settlement of the Account of THOMAS J. FINNIGAN, Executor of the Last Will and Testament of SAMUEL KENNEDY, Deceased.

Surrogate's Court, Saratoga County, April 27, 1929.

*Robert W. Fisher*, for the executor.

*Frank A. Delahunty*, for himself and others.

TUCK, S. The executor of the will took possession and collected rents of certain real estate left by the deceased and claims commissions upon the rents so collected, and claims further for commissions upon the amounts accounted for in the two amended accounts as is ordinarily claimed by trustees and executors having trustee functions to collect and disburse income. This is objected to.

Objections are further raised to the right of the executor to commissions upon the value of the real property.

The provisions of the will and codicils substantially provide that one-half of the rest, residue and remainder of decedent's real and personal estate, after paying certain legacies, is devised and bequeathed to his niece, Katherine Delahunty, and the remaining one-half to his nephews, Frank A. Delahunty and Samuel E. Delahunty, and his nieces, Nellie Lane and Anna Holl, equally, share and share alike.

Frank A. Delahunty, acting for himself and for the other legatees and devisees, served a written notice upon the executor that all of the parties desired to take the property of the deceased in kind and the legatees and devisees stipulated among themselves that all of the real estate should go to Katherine Delahunty and the personal property divided among the other legatees and devisees, and the items of real and personal property were appraised for such distribution.

By the will and codicils, Thomas Finnigan was appointed executor and was given authority " to sell and convey, or to mortgage any and all of the real estate of which I may be seized and possessed at the time of my death and to execute and deliver the proper instruments necessary therefor."

Commissions upon real estate over which an executor was given a power of sale and which formed a part of the residuary estate, the power of sale not being exercised, were denied the executor in the matter of the appraisal under the Transfer Tax Law of the estate of Katherine Seiss, by Surrogate SCHULZ. (See *Matter of Seiss*, 119 Misc. 521.)

In that case the devise and bequest of the residuary was in language similar to the devises and bequests in the will of Samuel Kennedy.

In order to effect a distribution and delivery of the decedent's estate, however, in accordance with the terms of the will and the instructions to the executor and the stipulation of the devisees and legatees, it becomes necessary for the executor to proceed under the power vested in him by the will and to convey the real estate to Katherine Delahunty and to execute the necessary instruments therefor.

Under the circumstances it would seem that this case does not stand upon the same footing as *Matter of Seiss (supra)* and that the executor should be allowed and awarded commissions upon the real estate which he otherwise had a right to sell and the proceeds of which it would have become his duty, if he had so chosen to sell, to distribute among the devisees and legatees.

In respect to income or rents received by him the executor was not given trustee powers, nor was he authorized to lease the real property, nor to collect the rents therefrom, nor should he be permitted to receive commissions because an intermediate account was filed and further items of property accounted for in supplementary accounts.

Under the circumstances and provisions of this will, the executor is properly entitled to an award of commissions for the entire amount of property received and distributed by him as of one time.

An executor with a power of sale has no authority to exceed the terms of the power of sale and has no right to manage the real estate and collect the rents therefrom. There is statutory provision for obtaining authority to collect rents and a method of procedure outlined therefor in section 232 of the Surrogate's Court Act.

This procedure was not complied with by the executor in this case, and under the authority of *Matter of Purdy* (129 Misc. 297) we must hold that he is not entitled to commissions as executor for the collection and distribution of the rents of the real property.

The attorney for the executor has asked to have his compensation fixed as provided by section 231-a of the Surrogate's Court Act, and testimony of the extent of his labors and of the value thereof have been given by competent witnesses. The estimates of the value of services are somewhat larger than the court is disposed to award.

The attorney's compensation is allowed at the sum of $3,000 plus his necessary disbursements.

Frank A. Delahunty has rendered services of some value to the estate and he is allowed the sum of $250 for his compensation.