In the Matter of the Estate of EDWIN ALLEN CRUIKSHANK, Deceased.

Surrogate's Court, Kings County, December 5, 1938.

*Wingate & Cullen* [*Conrad Saxe Keyes* of counsel], for the Fulton Trust Company of New York and Russell V. Cruikshank, surviving trustees, petitioners.

*Ethan Allen,* for Dorothy Caffrey, individually, remainderman of the trust herein accounted for, and as executrix, etc., of Susie C. Snyder, deceased, life beneficiary and cotrustee of said trust.

*John Nicol,* for the Fulton Trust Company of New York, as sole trustee under a deed of trust made by Dorothy C. Karageorgevitch (now Dorothy C. Caffrey), dated April 9, 1928, as modified by an instrument bearing date July 2, 1936.

WINGATE, S. Despite the fact that almost a quarter of a century has elapsed since its enunciation, there are still numerous eminent members of the bar to whom the mere mention of the decision in *Matter of Ziegler* (218 N. Y. 544, 556) is an anathema. The Court of Appeals there unanimously affirmed the determination of the Appellate Division (168 App. Div. 735, 745), which had held that where a c )executor had fully accounted and had died prior to the

entry of a decree of judicial settlement, but had not paid out the principal funds, the assets of the estate, on his death, had automatically vested in his cofiduciaries with the result that the statutory prerequisite to commissions of a " paying out " could not be performed by him, and that the statutory compensation authorized for the performance of that act was incapable of award.

The situation in the case at bar is analogous. A part of the principal assets of the trust consisted of real estate. Upon the termination of the trust the title to this real estate vested automatically in the remaindermen without the necessity of any act or intervention on the part of the trustee (*Matter of Miller*, 257 N. Y. 349, 356; *Watkins* v. *Reynolds*, 123 id. 211, 217; *Townshend* v. *Frommer*, 125 id. 446, 461; *Phœnix* v. *Livingston*, 101 id. 451, 457; *Chisholm* v. *Hamersly*, 114 App. Div. 565, 569). Indeed, by reason of such transmission by operation of law, no effective act of transfer on its part was capable of performance, since so far as this real estate was concerned it held nothing.

The question is raised as to whether, in this situation, the trustee is, as to such real estate, within the description of section 285 of the Surrogate's Court Act as one entitled to commissions for " paying out " or distributing or delivering.

The respondent cites four authorities which have determined this question in the negative, namely, *Matter of Suarez* (158 N. Y. Supp. 140, 141, not otherwise reported), *Matter of McGurk* (175 id. 597, 598, not otherwise reported), *Matter of Jones* (136 Misc. 122, 126) and *Matter of Schalkenbach* (155 id. 332, 336). The first two of these decisions were by the late Surrogate FOWLER in 1916 and 1918, respectively, and the latter two by Surrogate FOLEY, in 1932 and 1935.

The accountant tenders no contrary authority, and by way of inferential impeachment points out that these holdings were all by surrogates of New York county. Whereas admittedly a decision of a court of co-ordinate jurisdiction is not a binding precedent, nevertheless it is persuasive and entitled to respectful consideration, especially when emanating from such distinguished jurists as those here involved.

In addition to this consideration there is, in a situation like the present, in which a uniform line of decisions has been rendered for over a generation, an additional element of *stare decisis* which is absent where merely a single isolated determination is involved. One of the main advantages of the common-law system of precedents arises from the justifiable reliance placed by the public on a uniform line of decisions, which, in the absence of extremely cogent contrary considerations, may be deemed substantially immune to reversal by other courts.

These observations are not to be deemed as indicating any disagreement with the result attained by the learned surrogates of New York county respecting the present problem. The contrary is the fact. A fiduciary performs many acts. The Legislature has seen fit to remunerate two only of their number. One is receiving; the other is paying out or distributing. In effect, all others are gratuitously performed. The system of remuneration thus established, as this court has frequently observed, is unsatisfactory and unscientific to a degree. It has, however, persisted largely by reason of the opposition to change by professional fiduciaries like the present accountant. By reason of this fact, while deploring the system as a whole, slight commiseration at the plight of the present accountant is engendered. The law is clear and this court will not undertake to exercise legislative authority under the guise of judicial interpretation. The objections to the award of paying out commissions are, accordingly, sustained. Commissions on the so-called increment involved in the abortive sale are also disallowed.

Enter decree on notice in conformity herewith.