In the Matter of the Estate of WILLIAM D. HEIMER, Deceased.

Surrogate's Court, Delaware County, November 28, 1940.

*Samuel H. Fancher*, for Anna Pearl Heimer and L. Helene Hamm, as trustees, petitioners.

*Flaesch & Latham*, for the beneficiaries.

*Arthur E. Conner*, for The First National Bank and Trust Company of Walton.

O'CONNOR, S. The question to be determined here is whether or not each of the three trustees is entitled to a full commission or a single commission to be apportioned among the three under subdivision 8 of section 285 of the Surrogate's Court Act. By the will of the deceased the residuary of the estate, after certain specific legacies, was given to the executors in trust for the following purposes, so far as is pertinent here:

1. To pay to the widow an annuity for the balance of her life.

2. To pay three-fifths of the balance after the annuity to L. Helene Hamm, a daughter.

3. To pay two-fifths of the balance of the income to the trustees for the benefit of William David Heimer and Joan A. Heimer, grandchildren.

The First National Bank and Trust Company of Walton, hereinafter referred to as the bank, and Mary C. Heimer were executors of the will. The will directed that on the death of Mary C. Heimer, L. Helene Hamm and F. Stanley Heimer act as trustees with the bank.

At the time of the death of the testator the appraised value of the personal property amounted to $189,529.11. At the time of the final accounting of the executors in 1930 it was $189,245.66, at which time the assets of the estate were turned over to the trustees as such. Mary C. Heimer died in May, 1932. Pursuant to the terms of the will, L. Helene Hamm and F. Stanley Heimer were substituted in the place of Mary C. Heimer as trustees. In July, 1932, the bank, as surviving trustee, rendered an account without setting forth the market value of all the securities. The bank states that in June, 1940, the value of the estate was $62,688.62. The assets of this estate consist almost entirely of stocks and bonds, the market value of which at any particular date from the time the trustees received the assets until the present time can be readily ascertained. No other accounting has been made by the trustees. No appraisal of the assets of the estate has been made since the inventory.

The surrogate, under section 195 of the Surrogate's Court Act, has the right, on the application of an executor or administrator, to

appoint two disinterested appraisers as often as may be necessary to appraise the personal property, but no such application has been made. The surrogate, in determining whether the value of the estate is over or under $100,000, may inquire into the facts and determine its value upon the accounting and the inventory is not conclusive. (*Matter of Blakeney*, 23 Abb. N. C. 32; 2 Jessup-Redfield, § 1165, p. 2416.)

It is the contention of the trustees that the commissions should be computed upon the appraised value of the estate as fixed by the inventory, unless and until a new appraisal is made, as provided by section 195 of the Surrogate's Court Act. It is the contention of the attorneys for the beneficiaries that the commissions each year should be computed and allowed according to whether the value of the estate exceeded or was under $100,000.

Each of the trustees was entitled to receive full commissions on the value of the estate at the time that the assets were turned over to them by the executors in 1930, to wit, $189,245.66. After that and until the final accounting each of them should receive full commissions on all income received and paid out by him each year if the value of the principal of the estate exceeded $100,000 at the beginning of the year. If the market value of the assets of the estate did not exceed $100,000 at the beginning of any year during the intervening period, the three trustees should receive one commission to be apportioned among them. (*Matter of Freeman*, 105 Misc. 423; *Matter of Grossman*, 92 id. 656; 2 Jessup-Redfield, § 1165, p. 2416.)

It would seem obvious that the commissions on the amount of income received and paid out during each year should be based upon the value of the estate at the beginning of the year and not upon the value of the estate as fixed by the inventory nor the value at the time it was received by the trustees from the executors. The value of the estate from the date of the inventory, March 21, 1929, to June, 1940, had decreased from $189,245.66 to $62,688.62. To allow each of the trustees full commissions on $189,529.11 when its actual value is only $62,688.62 would be a gross injustice.

We are, therefore, of the opinion that the commissions each year must be regulated by the value of the estate at the beginning of each year.

A decree may be submitted for settlement on five days' notice.