William J. Regan, S.
In this proceeding for the judicial settlement of the trustee’s accounts the respondent, Marjorie Chalmers Smith, objects to the commissions of the trustee. This trust was created in accordance with paragraph Seventh of the will of James Chalmers, Jr., wherein one half of the decedent’s residuary estate was held in trust for the benefit of the testator’s wife. Upon the death of the testator’s wife the principal was divided into as many equal parts as there were children of the testator’s son, J. Robert Chalmers, with the shares of children under 45 held in trust until age 45.
Marjorie Chalmers Smith, the respondent herein, was a child of J. Robert Chalmers who was under 45 at the time of the *538 death of the testator’s wife. Her share was therefore held in trust under the following provisions of paragraph Seventh: “I direct that such child’s share shall he held in a separate and distinct trust hereunder by the Trustees hereinafter named, to be separately managed, invested and re-invested, and the rents, issues, profits and income therefrom collected and received by said Trustees, and after defraying all taxes and any lawful charges upon the same, to pay the net income therefrom to or for the use of the beneficiary entitled thereto, until such beneficiary shall have arrived at the age of forty-five (45) years, at which time the principal amount of such child’s share, together with any accumulations thereon, is to be paid over and distributed to him absolutely. ’ ’ The respondent is now 45 years of age and the surviving trustee has instituted this proceeding for the judicial settlement of his account.
The question presented is whether trustees are entitled to “ paying out commissions ” on unsold realty. The real property consists of vacant land which, at the time it was received by the trust in 1933, was valued at approximately $5,000. The said property is now valued at over $100,000. The question is also raised as to whether receiving commissions are based on the increase in value as well as on the original value. Respondent concedes that receiving commissions were earned by the trustee, but that such commissions should be based on the original value of the land only. However, respondent cites no authority with reference to this specific issue. Petitioners contend that any increment in value must be considered when computing commissions. (Matter of Fry, 30 Misc 2d 180.)
As concerns the main issue respondents contend that paying out commissions are not earned with respect to unsold realty. (Matter of Ellensohn, 258 App. Div. 891; Matter of Jones, 136 Misc. 122; Matter of Triller, 208 Misc. 418; Matter of McGurk, 175 N. Y. S. 597; Matter of Keane, 97 Misc. 213.) Petitioners cite Matter of Naylor (164 N. Y. S. 462) in support of their contention that paying out commissions are earned upon the termination of the trust.
Petitioners refer to negotiations entered into by them with respect to several offers to purchase the land in question and recite the many services rendered in connection therewith over a period of 30 years. Respondent objects to the interjection of these statements inasmuch as no hearing has been held .relative to same. However, for whatever value it may have, the rendition of services by the trustee will be considered by this court with respect to the issues herein raised.
*539 The precise question raised by this proceeding is by no means unique. The issue has been the subject of litigation over the years. It is unfortunate that the question has not been more precisely determined by legislative enactment. Attempts to clarify the question, particularly with reference to unsold realty, were made between 1914 and 1919. In spite of litigation that has occurred since that time the issue has not been decided with any finality. In its present form SCPA 2308 deals with receiving commissions and paying out commissions as such and is the statutory authority which governs commissions earned by trustees. The question arises, nonetheless, as to what is contemplated by the statute when interpreting or construing ‘ ‘ paying out ” commissions.
It appears that those cases which touch upon the subject are in general agreement that commissions are not earned by the trustees on unsold realty, by reason of the fact that there is rto such paying out as contemplated by the statute. The Naylor case relied on by petitioners as most closely resembling the facts of the case at bar is cited in those same cases relied upon by respondent in defeating the right of paying out commissions. The Naylor decision affirms the position that paying out commissions are not earned on unsold realty. That same decision states (p. 464): u and as no other property was paid out, distributed, conveyed or delivered by the trustees, no other commission for paying out will be allowed.” The determining factor appears to be that where there is no necessity for a conveyance, and where title vests automatically in the remaindermen upon the termination of the trust, without the necessity of any act or intervention on the part of the trustee, the trustee is not entitled to a paying out commission. (Matter of Triller, 208 Misc. 418, supra.) The petitioners state that paying out commissions could very well be earned, in the light of the above cases, by the mere act of executing a deed to the remaindermen. With this the court does not agree. An act which may add some nicety to a chain of title but is otherwise of no legal effect as concerns the title of the remaindermen (which title has vested by operation of law), is not the act of paying out or distributing as contemplated by the statute. The question of necessity of conveyance must be considered. Cer-, tainly, too, the services discussed by the petitioners do not appear to be services of the nature contemplated by the statute. These may well be services incidentally and voluntarily incurred by the trustees in the ordinary administration of the trust.
*540 As conceded by the trustee, the various negotiations in which it became involved and the various purchase offers that were submitted to it were considered with the adult beneficiaries and were rejected. As ultimately determined, such offers may not have been in the best interest of the estate. So here, too, what if the trustee had proceeded to a sale without consulting the remaindermen? Would that not have determined paying out commissions? This question the court will not, under these circumstances, attempt to answer. The fact remains that a sale was not consummated. To determine whether commissions would have been earned by such a sale, there must be considered whether such sale was necessary in the ordinary administration of the estate and whether such sale was in the besf interest of the trust.
The fact of the matter remains that the cited cases, though they are referred to as cases of lower courts, deny paying out commissions even when the trust terminates. Petitioners have not cited satisfactory authority to the contrary. This court concurs with the holding that the vesting of the trust estate in the remaindermen did not constitute a distribution of property and did not entitle trustees to commissions. (Matter of Jones, 136 Misc. 122, supra.) As concerns the unsold realty, there were no duties yet to be performed by a trustee. The estate of the remainderman had in fact ripened into possession, actual or constructive. (Matter of Miller, 257 N. Y. 349.) Since the purpose for which an express trust is created ceased, the estate of the trustee also ceases. (EPTL 7-2.2.)
As stated above, the execution and delivery of a deed would be but a needless gesture of conveying to the beneficiaries that which they already owned and possessed by reason of the termination of the trust.
Although there is no mention of what services were performed by the trustees, a similar situation seems to have been decided in Matter of Cruikshank (169 Misc. 514), decided by Surrogate Wingate in 1938. As stated by Surrogate Wingate (p. 516): “ A fiduciary performs many acts. The Legislature has seen fit to remunerate two only of their number. One is receiving; the other is paying out or distributing. In effect, Ml others are gratuitously performed. * * * The law is clear and this court will not undertake to exercise legislative authority under the guise of judicial interpretation.” This court is in complete accord.
As concerns, however, commissions on the so-called increment, and in view of what appear to be conflicting decisions, this court is satisfied that there is ample statutory authority *541 to allow commissions on such increment without further discussion herein.
As stated in SOPA 2308 (subd. 10): “ The value of any property to be determined in such manner as directed by the court and the increment thereof received, distributed or delivered shall be considered as money in making computation of commissions. ’ ’
It is accordingly the decision of this court that the trustee be denied paying out commissions on the unsold realty, hut that said trustee be entitled to receiving commissions on the value of the unsold realty as acquired by the said trustees, together with commissions on the increment thereof.
In accordance with this decision this matter shall be placed upon the calendar of this court to be held on April 8, 1970 at 10:15 a.m. for the purpose of fixing a date for a hearing concerning the value of the unsold realty and a determination thereof.