John D. Bennett, S.
In this accounting proceeding, a question has been raised as to whether the executors are entitled to commissions on a promissory note in the amount of $181,308 and taken in return as part of the purchase price of a large block of Guardsman Chemical Coatings’, Inc. stock sold to Grow Chemical Corporation. The promissory note of Grow Chemical Corporation was divided into three separate notes and distributed to the three trusts under the will on June 30, 1971.
Since 1817, commissions of executors have been based solely upon two acts, one for receiving and the other for paying out or distributing assets of the estate. Although this concept has been termed outmoded and hoary with age (Fifth Report of Commission on Estates; 1ST. Y. Legis. Doc., 1966, No. 19, pp. 136, 139), New York has apparently tenaciously clung to it notwithstanding numerous revisions, including the last in 1967 (SCPA 2307).
The rationale for the initiation and retention of the basis of computation has been that at least it assures uniformity and *725 is a pragmatic approach to an otherwise difficult problem. “ [I] t is important to bear in mind that the statutory schedule of rates is only an effort to measure the reasonable value of all services. The commissions represent compensation for the entire administration, not merely the first act (receiving) and the last act (paying out). The division of the commission into two parts is merely a convenient way of providing payment ” (Matter of Roth, 53 Misc 2d 1066, 1069).
In commenting on the shortcomings of the statute, Surrogate Wingate stated: “ A fiduciary performs many acts. The Legislature has seen fit to remunerate two only of their number. One is receiving; the other is paying out or distributing. In effect, all others are gratuitously performed. The system of remuneration thus established, as this court has frequently observed, is unsatisfactory and unscientific to a degree ” (Matter of Cruikshank, 169 Misc. 514, 516).
The Report of the Commission on Estates (N. Y. Legis. Doc., 1966, No. 19, p. 136, supra) recites a number of incongruous results that have occurred from a literalistic application of the “ receiving paying out ” concept. The situation before the court appears to be another of those difficult situations.
Had the executors here simply transferred all of the Guardsman stock to the trustee before its sale (as was done with a portion of it), there would have been no problem and commissions for both receiving and paying out the stock would have been proper (Matter of Keane, 97 Misc. 213, 217-218). The same result would have followed if they had avoided a sale entirely and distributed all the Guardsman stock to the trustee in kind. However, in an effort to maximize profits, the executors and trustee saw fit to sell the stock privately for a price to be paid one quarter in cash with the balance to be paid one quarter in each of the ensuing years and represented by promissory notes secured by a proportionate amount of the stock sold and held in escrow by a trust company. The first annual installment payment has been paid in full on January 25, 1972 and apparently only 50% of the balance remains unpaid. The price achieved as the result of a private sale was $12 per share while the price on the American Stock Exchange at the same time was approximately $9 per share.
While one half of the commissions could be granted for receiving the Guardsman stock, since traditionally one half of the receiving commissions may be deemed earned even though the property has not as yet been paid out (Matter of Roth, 53 Misc *726 2d 1066, supra; Matter of Keane, 97 Misc. 213, supra), the paying out portion of commissions presents a problem.
A number of cases have held that executors are not entitled to commissions on uncollected promissory notes or other uncollected receivables (Matter of Hildreth, 274 App. Div. 611, affd. 301 N. Y. 705; Matter of James, 261 App. Div. 480; Matter of Freeman, 105 Misc. 423; Matter of Keane, 97 Misc. 213, supra). However, these cases dealt basically with debts or notes owed to the decedent and distributed as debts or notes by the executor. There was not present the distinction, as here, of the initial receipt of securities later sold on terms which include promissory notes. This distinction, of course, highlights the incongruity of the statute and the position it places the executor in who tries to do more than is required of him. Matter of Keane (97 Misc. 213, supra) appears to be the key case from which the rule grew that no commissions are payable on uncollected promissory notes. There it appears, however, that the Surrogate stressed the fact that the notes were “ unsecured ” (p. 220). Here, however, the promissory notes are secured by a portion of the Guardsman shares and the security held in escrow. Moreover, 50% of the former indebtedness has already been repaid. In the somewhat analogous case of Matter of Watkins (N. Y. L. J., June 11, 1968, p. 17, col. 3), full receiving and paying commissions were allowed on stock sold for a price to be paid in installments, provided the right to receive the unpaid installments were assigned to the beneficiaries.
Hnder the circumstances here, full receiving and paying commissions on all the notes in question will be allowed.